45,824

VERYL L. THURMAN, *Appellee* and *Cross-Appellant*, v. MELVIN TRIM and EILENE TRIM, *Appellants* and *Cross-Appellees*, CLARA GRAHAM, Defendant.

(477 P. 2d 579)

Opinion filed November 7, 1970.

*Charles F. Forsyth*, of Erie argued the cause and *Clark M. Fleming*, of Erie, was with him on the brief for appellants and cross appellees.

*John Anderson, Jr.*, of Olathe, argued the cause and *John C. Rubow*, of Chanute, was with him on the brief for appellee and cross appellant.

The opinion of the court was delivered by

FROMME, J.: This appeal is a sequel to *Thurman v. Trim*, 199 Kan. 679, 433 P. 2d 367 and arises from a dispute over option rights created by the same farm lease.

After our opinion was filed in the former case, lessee Veryl L. Thurman sought to exercise an option to purchase the property

leased. The lessors, Melvin Trim and Eilene Trim, refused to comply with the option agreement. An action was filed by Thurman and the district court ordered specific performance of the option agreement contained in the lease but excepted the land on which the house is located. The lessors appeal from that judgment. The lessee cross-appeals from that part of the judgment which excepts from the option to purchase the land on which the house is located.

Additional facts are necessary to understand the course of the litigation below and the contentions raised on appeal.

The lease was entered into on January 25, 1964. The Trims hold no deed to the property. They hold an agreement to purchase the property from the defendant Clara Graham. The correct description of the property covered by the lease and described in the purchase agreement is as follows:

"Fifty (50) acres off the East side of the East Half (E/2) of the Northwest Quarter (NW/4); lots One (1) to Four (4), both inclusive, less the railroad right-of-way; and the Northeast Quarter of the Southwest Quarter (NE/4 SW/4), all in Section Eighteen (18), Township Twenty-nine (29) South, Range Nineteen (19) East of the 6th P. M., Neosho County, Kansas."

The original purchase agreement between Graham and the Trims was entered into on January 31, 1949. It was renewed September 1, 1954, and renewed again on November 15, 1959. The final renewal contract called for payment in full by November 15, 1964. Final payment was not made and a balance of $1400 remains due and owing.

The farm lease from the Trims to Thurman was dated January 25, 1964, and contained the following option to purchase:

"The parties of the first part hereby grant to the parties of the second part the option, during the term of this lease or renewal thereof, to purchase the above-described property for the sum of $125. acre V. L. T. M. F. T. Ninety days notice will be given to the parties of the first part by the parties of the second part if the option to purchase is used."

A trial of the issues between Thurman and the Trims resulted in a judgment in favor of Thurman for specific performance of the option to purchase. Thereafter Thurman moved to the court for an order permitting him to file a supplemental petition and bring Clara Graham into the action for the reason that a complete determination of the controversy could not be had without her presence. The motion was granted and a supplemental petition was filed seeking

specific performance against Clara Graham. She answered and filed a cross claim against the Trims alleging failure to make payments and seeking cancellation of the purchase agreement.

After a trial of the issues the court decreed specific performance of the option to purchase against Clara Graham, determined the amounts remaining unpaid under the contract and directed that such amounts be paid to her. The purchase price had been paid into court by Thurman during the pendency of the proceedings. Mrs. Graham has not appealed from the decree.

We turn now to the points raised on appeal. Melvin Trim and Eilene Trim, the lessors, will be referred to as the appellants. Veryl L. Thurman, the lessee, will be referred to as the appellee.

The district court ruled that questions of fraud and misrepresentation in obtaining the lease were *res judicata* as a result of the previous appeal. (*Thurman v. Trim,* supra.) The appellant contends the court erred in this ruling.

On reading our prior opinion there can be no doubt that questions of fraud and misrepresentation in obtaining this lease were placed in issue and determined in the prior case. The parties operated under the lease agreement for nearly two years before the rescission was attempted by the appellants. At p. 685 of the opinion it was said:

"It is well established that if a party desires to disaffirm a contract for fraud, he must act promptly after discovery of the fraud or lose the right of rescission. If by words or conduct he treats the contract as binding after having knowledge of the fraud, he thereby affirms the contract and cannot rescind. . . . Trim's repudiation of the lease agreement came too late, for he, by his previous conduct, had treated the agreement as binding. The trial court properly excluded the parol evidence for the reason that fraud as a defense had been waived." (199 Kan. 679.)

The issue of fraud and misrepresentation in the inducement to lease was laid to rest in the prior case and the doctrine of *res judicata* applies. When a court has jurisdiction of the parties to an action and of the subject matter thereof, and renders a judgment within its competency, such judgment is final and conclusive and cannot be relitigated in a new proceeding. (*McFadden v. McFadden,* 187 Kan. 398, 357 P. 2d 751; *Jayhawk Equipment Co. v. Mentzer,* 191 Kan. 57, 61, 379 P. 2d 342; *Adamson v. Hill,* 202 Kan. 482, 487, 449 P. 2d 536.)

Appellants contend the court erred in excluding parol testimony relating to Trim's understanding of the option when the lease was entered into by the parties. The trial court refused to receive

or consider such testimony on the ground the testimony would tend to vary the terms of the written lease which were clear and unambiguous. Proffer of the testimony was made by the affidavits of Melvin Trim and Clara Graham. The affidavit of Trim alleged a lack of understanding of the option provision when he signed the lease. Both affidavits alleged that Thurman knew of the outstanding interest of Clara Graham when he obtained the lease from the Trims. The affidavit of Clara Graham stated she advised Thurman that whatever he could work out with the Trims concerning the lease would be satisfactory to her.

The option provision in the lease appears clear and unambiguous. The testimony proffered concerned negotiations prior to execution of the lease and concerned a party's understanding of what was to be written in the lease. The relevant evidence proffered would tend to vary the terms of the written lease. The proffers were properly excluded.

When a contract is complete, unambiguous and free from uncertainty, parol evidence of a prior or contemporaneous agreement or understanding, tending to vary or substitute a new and different contract for the one evidenced by the writing is inadmissible. (*Brown v. Beckerdite*, 174 Kan. 153, 254 P. 2d 308; *Williams v. Safeway Stores, Inc.*, 198 Kan. 331, 338, 424 P. 2d 541.)

The appellants contend that Thurman failed to exercise his option to purchase in a proper manner. They argue that a letter mailed to them on November 30, 1967 was insufficient for that purpose as it merely expressed the intention to exercise the option.

The present action was filed January 15, 1968. The court after hearing the evidence made the following finding:

"2. The plaintiff [Thurman] did exercise the option. His letter to defendants [Trims] of November 30, 1967, constituted a notice of intent, and thereafter he did everything possible for him to do to bring about consummation of a sale and purchase. Defendants' actions and failures to act, after such notice, were not based upon a non-exercise of the option but upon their claim that plaintiff did not have any option right. Plaintiff was not obligated to perform a futile act."

During the trial of issues between Thurman and the Trims, Thurman paid the entire purchase price of $28,750 into court. The cashier's check was dated September 24, 1968. This tender and payment into court was made during the renewal term of the lease and constituted a proper exercise of the option to purchase.

Appellant's contention that Thurman breached his lease before exercising the option to purchase was decided adversely to the appellants in the court below. The trial court specifically found the balance of rents due had been paid into court, that time of payment was not of the essence, that the pasture had not been overgrazed and that the water well on the premises had not been destroyed by Thurman. There is substantial evidence in the record to sustain these findings of the trial court. It is not the function of this court to weigh conflicting evidence on appeal or to substitute its judgment for that of the trial court. (*Preston v. Preston*, 193 Kan. 379, 381, 394 P. 2d 43.)

Appellants next contend that specific performance was not a proper remedy when the evidence disclosed the property was owned by Clara Graham.

The record indicates that the appellants held a contract to purchase these premises from Clara Graham and that the balance due thereon had been reduced to $1400. Clara Graham was brought into the action and appeared with her own separate attorneys. Specific performance was decreed against her and no appeal has been taken by her from that order. Her rights under the contract of sale appear to have been fully and satisfactorily protected by the court.

Generally the existence of outstanding liens which can be discharged out of the purchase-money will not constitute a bar to an action by a vendee to enforce specific performance of a contract for the sale of real estate. (*Sewell v. Dolby*, 171 Kan. 640, 237 P. 2d 366; *Guild v. Railroad Co.*, 57 Kan. 70, 45 Pac. 82 and *Keepers v. Yocum*, 84 Kan. 554, 114 Pac. 1063.) The appellants cannot justify their refusal to perform their agreement because a small balance remains due under their contract of purchase with Mrs. Graham. The rights under that contract were assignable. Mrs. Graham was a party to the action, subject to the jurisdiction of the court, and her rights could be adequately protected by payment of the amounts remaining due.

We have examined the remaining points raised by appellants and find them to be without merit.

The final matter to be considered relates to the cross-appeal by Veryl L. Thurman. He appeals from those portions of the decrees which except the land on which the house is located from the 230 acres of land he elected to purchase.

As the decree of the district court now stands the house and the land on which it rests is to be conveyed to Melvin Trim and Eilene Trim and the balance of the 230 acres surrounding the house is to be conveyed to Veryl L. Thurman. The judgment of the trial court is based upon its interpretation of what this court said in our opinion in *Thurman v. Trim,* supra.

In the former appeal the parties agreed that the description of property set forth in the lease was erroneous. We held under the facts narrated in the opinion the trial court could resort to parol evidence to determine the correct description. It was pointed out that the Trims actually owned or possessed 230 acres of land and after the lease was given Thurman took possession of the entire 230 acres, except for the house which the Trim family continued to occupy. The correct description of land covered by the lease was determined to be that description previously set forth in this opinion. The fact that the Trim family continued to occupy the house after the lease was given did not change the legal description of the land being leased nor would it detract from the rights which Thurman bargained for in the option to purchase. The option to purchase covered the entire 230 acres which were owned by the Trims. The land occupied by the house was not excluded.

The former action was brought to compel performance of an implied covenant of quiet peaceable enjoyment of the leased premises. (See *Thurman v. Trim,* supra, p. 682.)

A covenant of quiet enjoyment of the premises by a lessor may be implied in a lease which is silent on the subject from circumstances which attend the leasing of land. (*Stewart v. Murphy,* 95 Kan. 421, Syl. ¶ 2, 148 Pac. 609; *Wallace v. Carter,* 133 Kan. 303, 299 Pac. 966.)

The lease with which we are concerned contained no express covenant of quiet peaceable enjoyment. In *Thurman v. Trim,* supra, we determined that a covenant of quiet peaceable enjoyment should be implied except for the house which the Trims had continued to occupy from the inception of the lease.

When such an implied covenant is determined and enforced against the lessor the expressed terms and conditions of the lease are not changed thereby.

Our holding in *Thurman v. Trim,* supra, with respect to occupancy of the house related solely to the extent to which the implied

covenant of peaceable enjoyment should be enforced against the lessor. The option to purchase was a covenant expressed in the lease. It remained unchanged by the limitation imposed by this court on the implied covenant of peaceable enjoyment. The option to purchase covered the 230 acres including the house.

Accordingly those portions of the judgments and orders of the trial court which direct a conveyance to the Trims of the land on which the house is located are reversed and set aside. The remaining portion of the judgments and orders which decree specific performance in favor of Veryl L. Thurman are affirmed and should cover the entire 230 acres of land described in this opinion.

It is so ordered.