No. 46,349

MISSION STATE BANK & TRUST COMPANY, *Appellant* and *Cross-Appellee*, v. C. D. HARGADINE, *Appellee*, and DORTHEA M. HARGADINE, *Cross-Appellant*.

(496 P. 2d 1341)

Opinion filed May 6, 1972.

*M. C. Slough*, of St. Marys, argued the cause, and *Douglas Lancaster*, of Wagner, Leek and Mullins, of Shawnee Mission, was with him on the brief for the appellant and cross-appellee.

*Michael G. Norris*, of Payne and Jones, Chartered, of Olathe, argued the cause, and *Keith Martin*, of the same firm, was with him on the brief for the appellee and cross-appellant.

*Per Curiam:* This is an appeal from the lower court's judgment in a suit on a promissory note. For convenience we will refer to the Mission State Bank & Trust Company as appellant, and C. D. Hargadine as appellee.

The appellee and a business associate, C. E. Misemer, were the majority stockholders, officers and directors of several corporations including Future Homes, Inc. By early 1966, the appellant had extended credit to these several corporations through Future Homes, Inc. in an amount exceeding $150,000. Future Homes, Inc. requested an additional $10,000 in credit from appellant early in 1966.

Appellant was unwilling to extend additional credit to Future Homes, Inc., but would lend the $10,000 to appellee and Misemer personally.

On April 7, 1966, C. D. Hargadine and Dorthea M. Hargadine, husband and wife, and C. E. Misemer and Irma Misemer, husband and wife, signed a $10,000 promissory note at the Mission State Bank & Trust Company. The proceeds were placed in a Future Homes, Inc. checking account.

Shortly after the Misemers and the Hargadines borrowed the $10,000, appellee entered into an agreement with C. E. Misemer whereby appellee assigned all of his stock in the various corporations to C. E. Misemer in consideration for a certain amount of cash

and a promise by Misemer that he would obtain a release for appellee from all of the Future Homes, Inc. and other corporate obligations that appellee had signed in a corporate capacity or had *personally guaranteed.*

On or about April 28, 1966, an attorney employed to document the agreement brought a letter to the Mission State Bank & Trust Company and requested Paul Marcum, Sr., chairman of the board of the Mission State Bank & Trust Company, to approve the letter which set forth the understanding between Misemer and the appellee. In material part the letter stated:

". . . One of the considerations for Mr. Hargadine to so assign his stock interest is that he be released from his personal responsibility and guarantee of any and all bank obligations and bank notes including any such obligations and notes at the Mission State Bank of Future Homes, Inc., Holiday Investments, Inc., Inland Distributors, Inc., Future Homes Purchasing, Inc., and Three Keys, Inc."

Pursuant to request in the letter Mr. Marcum approved and confirmed it on behalf of the Mission State Bank by affixing his signature as chairman of the board.

In September, 1968, C. E. Misemer, Irma Misemer, Future Homes, Inc., and several other corporations owned by C. E. Misemer, filed bankruptcy petitions in the United States District Court for the District of Kansas. C. E. Misemer and Irma Misemer listed the $10,000 note to the Mission State Bank in their personal schedules as an unsecured debt. Future Homes, Inc. did not list the $10,000 in its schedule of liabilities.

Thereafter, the appellant made demand on appellee and his wife for payment of the note. They refused and the appellant filed suit.

After answering appellant's petition, appellee moved for summary judgment alleging he had been released by virtue of the letter dated April 28, 1966, and approved by Paul Marcum, Sr.

The trial court sustained appellee's motion, ruling the release in question was clear and unambiguous. We are also of the opinion the release is unambiguous. (*Williams v. Safeway Stores, Inc.,* 198 Kan. 331, 424 P. 2d 541; and *Thurman v. Trim,* 206 Kan. 118, 477 P. 2d 579.) The trial court committed no error in sustaining appellee's motion for summary judgment.

The trial court also sustained a motion for summary judgment made by the Mission State Bank & Trust Company against Dorthea M. Hargadine. From that judgment, Mrs. Hargadine has cross-

appealed. Mrs. Hargadine alleges there existed an oral release by the Mission State Bank & Trust Company which was intended to excuse her from liability on the note.

A careful review of the affidavits and depositions in the record leads us to conclude that the existence of an oral release pertaining to Mrs. Hargadine was a genuine question of fact which could not be determined on summary judgment. (*Secrist v. Turley*, 196 Kan. 572, 412 P. 2d 976.)

The judgment as to appellee, C. D. Hargadine, is affirmed. The judgment as to Dorthea M. Hargadine is reversed and the case is remanded for further proceedings.