NOT DESIGNATED FOR PUBLICATION

No. 116,207

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

STATE OF KANSAS,
*Appellee*,

v.

PRESTON DE'JHAN DEAN,
*Appellant*.

MEMORANDUM OPINION

Appeal from Sedgwick District Court; STEPHEN J. TERNES, judge. Opinion filed February 9, 2018. Reversed.

*Kai Tate Mann*, of Kansas Appellate Defender Office, for appellant.

*Lesley A. Isherwood*, assistant district attorney, *Marc Bennett*, district attorney, and *Derek Schmidt*, attorney general, for appellee.

Before MCANANY, P.J., GARDNER, J., and TIMOTHY L. DUPREE, District Judge, assigned.

PER CURIAM:  After the State charged Preston D. Dean with criminal possession of a weapon by a convicted felon, he stipulated to the fact that he had a prior felony. A jury convicted him of the offense. Dean appeals, arguing there was insufficient evidence to support his conviction and that the jury instruction on reasonable doubt improperly negated the jury's Sixth Amendment right to nullify his conviction. For the reasons stated below, we reverse Dean's conviction of criminal possession of a weapon by a convicted felon.

1

*Factual and procedural background*

Dean and Devina Johnson were in a relationship. Dean went to Johnson's apartment late one evening in March 2015. She was asleep when he arrived, but Johnson left her apartment door unlocked for Dean. After entering the apartment, Dean noticed a missed call on Johnson's phone. It was from the father of her children. This angered Dean because he was concerned that Johnson was sending him money. Dean awakened Johnson, and an argument ensued.

Dean and Johnson had different versions of what happened after the argument. According to Johnson, after the argument ended Dean was pacing in the hallway. Johnson then heard a pop, and when she looked up Dean had shot himself in the foot. Johnson did not see the gun, but assumed it was in Dean's pocket, as Johnson had seen Dean carrying it there in the past. According to Dean, the gun belonged to Johnson, and Johnson pulled it out during the argument but didn't point it at him. Dean thought Johnson was bluffing. But when he tried to leave the apartment, Johnson hugged him from behind and attempted to put the gun in Dean's pocket as a gesture of peace. Dean asserts that is when the gun discharged.

The next morning Johnson drove Dean to the hospital. While there, both were interviewed by law enforcement officers. As a result of Johnson's statement, officers searched her apartment and found Dean's blood on several items.

The State charged Dean with criminal possession of a weapon by a convicted felon. Prior to trial, Dean stipulated to the following:

"Defendant admits that he, Preston Dean, has been convicted of a felony which prohibits the possession of a firearm and that the defendant was not found to be in possession of a

2

firearm at the time of the prior crime, and has not had the prior conviction expunged or been pardoned for such crime."

During the instructions conference, the district judge reviewed the instruction on the elements of criminal possession of a weapon by a convicted felon. The State included language in its recommended instruction that stated the parties agreed to the truth of claims number two and three, which provided the following: "The defendant within five years preceding such possession has been convicted of a felony which prohibits the possession of a firearm," and "[t]he defendant was not found to be in possession of a firearm at the time of the prior crime." Defense counsel did not object to the language.

The jury found Dean guilty of criminal possession of a weapon by a convicted felon. The district court sentenced Dean to 21 months in prison. Dean appeals his conviction.

*Is there sufficient evidence to support Dean's conviction?*

Dean's first argument is that the State failed to present sufficient evidence to sustain his conviction for criminal possession of a weapon by a convicted felon.

When the sufficiency of the evidence is challenged in a criminal case, the standard of review is whether, after reviewing all the evidence in a light most favorable to the State, this court is convinced that a rational fact-finder could have found the defendant guilty beyond a reasonable doubt. *State v. Qualls*, 297 Kan. 61, 66, 298 P.3d 311 (2013). "Appellate courts do not reweigh evidence, resolve evidentiary conflicts, or make witness credibility determinations." 297 Kan. at 66.

Dean's conviction arose under K.S.A. 2014 Supp. 21-6304(a)(2). This statute requires the State to prove beyond a reasonable doubt that (1) Dean possessed a weapon;

3

(2) Dean had been convicted of a felony within the preceding five years; and (3) Dean was not found to be in possession of a firearm at the time of the prior crime. K.S.A. 2014 Supp. 21-6304(a)(2). Dean stipulated to the fact that he had been convicted of a felony and that he was not found to be in possession of a firearm at the time of the prior crime. Dean did not stipulate to the fact that his felony conviction occurred within the preceding five years. The State did not present evidence at trial that Dean's prior conviction arose within the preceding five years. Thus, Dean argues that the State failed to prove each element of the offense. In support of his argument, Dean cites *State v. Roose*, 41 Kan. App. 2d 435, 203 P.3d 18 (2009), and *State v. Hunt*, No. 104,529, 2011 WL 5027097 (Kan. App. 2011) (unpublished opinion). These cases will be examined.

In *Roose*, police found a concealed pistol during a search of John Roose. After learning Roose had been convicted of burglary in 1978, the State charged him with an aggravated weapons violation. Pursuant to the statute, it was unlawful for a person to carry a concealed pistol if he or she had previously been convicted of a person felony. The district court convicted Roose following a bench trial on stipulated facts. The facts included the details of the pistol's discovery and the complaint and journal entry of Roose's prior burglary conviction. Roose appealed. He argued that there was insufficient evidence for the district court to classify his prior burglary conviction as a person felony. 41 Kan. App. 2d at 435-37.

This court reversed Roose's conviction. 41 Kan. App. 2d at 442. The court noted that in order to classify a burglary as a person crime, the burglary must be of a dwelling. 41 Kan. App. 2d at 439. A dwelling must be "'*used or intended for use* as a human habitation, home or residence.'" 41 Kan. App. 2d at 439 (quoting K.S.A. 21-3110[7]). The stipulated facts presented to the district court only established that the burglary was of a house and that personal property such as a television, camera, pistol, cash, and safety box had been stolen. We held there was insufficient evidence to establish burglary of a dwelling. 41 Kan. App. 2d at 442.

In *Hunt*, Rodney Hunt was convicted of criminal possession of a firearm within 10 years of a felony conviction. The conviction arose after a bench trial where Hunt had stipulated to possessing a gun and having a prior felony. He appealed, arguing that the State had failed to prove the date of his prior felony conviction beyond a reasonable doubt. However, review of Hunt's presentence investigation report, which was prepared after trial but before sentencing, revealed that Hunt's prior felony had occurred approximately two months before his arrest for criminal possession of a firearm. 2011 WL 5027097, at *1-2. Still, this court reversed the conviction because the State failed to prove this fact beyond a reasonable doubt. 2011 WL 5027097, at *4. The State argued that "defense counsel 'intended to communicate . . . that he was of the opinion all legal elements of the crime had been addressed in a manner sufficient to enable the court to enter a ruling.'" 2011 WL 5027097, at *3 (citing *State v. Folley*, No. 89,368, 2004 WL 1714918, at *1 [Kan. App. 2004] [unpublished opinion]). The court addressed this argument by stating:

> "'It is not the defendant's role to make sure he or she is convicted of each and every element of a crime. Rather, it is the State's burden to prove each and every element of a crime beyond a reasonable doubt. [The defendant] did not invite this error. Even if he had, invited error cannot trump a defendant's constitutional rights. A defendant has a due process right to be found guilty on each and every element beyond a reasonable doubt. [Citation omitted].'" 2011 WL 5027097, at *3 (quoting *Folley*, 2004 WL 1714918, at *1).

Here, as in *Roose* and *Hunt*, the State failed to prove an element of the crime when it failed to establish that Dean's prior felony occurred within the preceding five years.

The State concedes that Dean's "stipulation lacks a reference to the 'preceding five years' language that constitutes an element of the offense." However, the State urges us to consider parol evidence. The parol evidence rule is a principle of contract interpretation. It provides: "'When a contract is complete, unambiguous and free of uncertainty, parol evidence of a prior or contemporaneous agreement or understanding, tending to vary or

5

substitute a new and different contract for the one evidenced by the writing is inadmissible.'" *Cude v. Tubular & Equipment Services*, 53 Kan. App. 2d 287, 291, 388 P.3d 170 (2016) (quoting *Thurman v. Trim*, 206 Kan. 118, Syl. ¶ 2, 477 P.2d 579 [1970]). The State cites defense counsel's remarks during the jury instructions conference as evidence of the parties' intent. During the conference, defense counsel stated that the jury instruction, which informed the jury that Dean had stipulated to a prior felony conviction within the preceding five years, was an accurate statement of Dean's stipulation.

There are two problems with the State's parol evidence argument. First, defense counsel's statements occurred after the stipulation was entered. The parol evidence rule relates to evidence of prior or contemporaneous agreements. Second, even if the parties' intent was to include the preceding five-year element in the stipulation, such intent does not constitute evidence beyond a reasonable doubt. A jury can draw reasonable inferences from proven facts. *State v. Taylor*, 34 Kan. App. 2d 889, 891, 126 P.3d 437 (2006). Here, there were no proven facts regarding the time of Dean's prior conviction. Therefore, no reasonable inferences could be drawn by the jury.

Dean's conviction for criminal possession of a weapon by a convicted felon is reversed.

Because we reverse Dean's conviction due to insufficient evidence, we need not address Dean's remaining argument.

6