THE PEOPLE OF THE STATE OF NEW YORK, Respondent, *v.* GEORGE HAUPT, Appellant.

Third Department, November 11, 1926.

**Crimes — burglary, first degree — indictment charged and evidence showed that defendant broke and entered part of building occupied by one person as residence for purpose of gaining access to another part used as garage by another person — crime was committed in night time but garage was not occupied by human being — under Penal Law, § 401, garage was separate building — under Penal Law, § 402, burglar must break and enter dwelling with intent to commit crime therein — defendant was improperly indicted and convicted of burglary, first degree.**

The defendant was improperly indicted and convicted of burglary in the first degree, since it appears that the indictment charged him with entering the dwelling house of a certain person in which dwelling house there was at the time a human being, with intent to commit a crime in the garage of another person, which garage adjoined the said dwelling house, and since the evidence establishes that the defendant entered the dwelling house of the person named for the purpose of obtaining access to the garage in question, in which there was no human being at the time.

Under section 401 of the Penal Law, the apartment into which the defendant first broke and the garage were separate buildings and, therefore, the defendant could not be convicted of the crime of burglary in the first degree on a charge of breaking and entering the apartment with intent of committing a crime in the garage, for section 402 of the Penal Law expressly requires that in order to constitute the crime of burglary in the first degree the burglar must break and enter a dwelling house with intent to commit a crime therein.

APPEAL by the defendant, George Haupt, from a judgment of the County Court of the county of Rensselaer, rendered on the 2d day of June, 1926, convicting him of the crime of burglary in the first degree, charged as a second offense.

*Gerald W. O'Connor* [*Thomas O'Connor* and *George E. O'Connor* of counsel], for the appellant.

*Frederick C. Filley, District Attorney* [*Philip J. Cirillo, Assistant District Attorney,* of counsel], for the respondent.

COCHRANE, P. J.   The defendant has been convicted of the crime of burglary, first degree, charged in the indictment as a second offense and has been sentenced to thirty years' imprisonment in State prison. The indictment charges that the defendant " on or about the 21st day of March, 1926, in the night time of said last named day, at the City of Troy, in this County, with force and arms, the dwelling house of Bertha A. Eicholz in said City situate, in which dwelling house there was at the time a human

being, to-wit: — Bertha A. Eicholz, feloniously and burglariously did break into and enter, with intent to commit a crime in the garage of William Cunningham which garage adjoined the said dwelling house of said Bertha A. Eicholz, to-wit: — the goods, chattels and personal property of the said William Cunningham in said garage then and there being, then and there feloniously and burglariously to steal, take and carry away, against the form of the Statute in such case made and provided and against the peace of the People of the State of New York and their dignity." The evidence tends to establish the facts as charged in the indictment. The building in question is at the southeast corner of Fifth avenue and Vanderheyden street in the city of Troy, the latter street running east and west, and Fifth avenue north and south. The building fronts on Fifth avenue where it is a three-story structure. It extends easterly along Vanderheyden street and the rear of the building is two stories in height, the ground floor at the rear being rented by William Cunningham for a garage. This garage fronts on Vanderheyden street. Mrs. Eicholz rented the third floor and also in connection therewith the room over the garage. The second floor fronting on Fifth avenue was unoccupied and the first floor on said avenue was used as a store. There was interior communication between the garage, the room above the garage, and the third story rented by Mrs. Eicholz. At the time of the burglary access to the building was gained through a window in the room over the garage. The defendant then passed through this room and down a stairway to two doors, one of which opened on Vanderheyden street and the other into the garage. The stairway was used by Mrs. Eicholz as a rear entrance to her dwelling. The door into the garage was forced open causing a burglar alarm thereto attached to ring and the defendant made his escape from the building in the same manner in which he entered without accomplishing the intended larceny. This latter door was the only means of entrance to the garage, the main doors not opening from the outside. It is clear from the evidence that the intent was to steal the property of Cunningham in his garage as alleged in the indictment. At the time of the burglary Mrs. Eicholz was sleeping in her apartment. There was at that time in the garage no human being.

Burglary in the first degree is defined so far as necessary for our present consideration in section 402 of the Penal Law as follows: "A person, who, with intent to commit some crime therein, breaks and enters, in the night time, the dwelling-house of another, in which there is at the time a human being: * * * Is guilty of burglary in the first degree." Section 401 of the Penal Law is as follows: " If a building is so constructed as to consist of two or

more parts, intended to be occupied by different tenants usually lodging therein at night, each part is deemed the separate dwelling-house of a tenant occupying the same.   If a building is so constructed as to consist of two or more parts occupied by different tenants separately for any purpose, each part or apartment is considered a separate building within the meaning of this article." It seems clear in view of the foregoing statutory provisions that the indictment is defective and that the evidence is insufficient to establish the crime of burglary in the first degree.   The building in question manifestly consisted " of two or more parts occupied by different tenants separately," one part being occupied for living purposes and another part as a garage.   Under the express provision of the statute, therefore, each one of these two parts must be considered " a separate building " although physically there was but one building.   Consequently the indictment charges and the evidence indicates that as declared by said section 401 the defendant entered a building occupied by Mrs. Eicholz as a living apartment with intent to commit a crime not in that building but in another building occupied by William Cunningham as a garage in which there was not at the time a human being.   The statute expressly requires in order to constitute the crime that when the burglar breaks and enters a dwelling house it must be with intent to commit a crime *therein*.   Here both the indictment and the evidence are to the effect that the defendant broke and entered the dwelling of Mrs. Eicholz not with intent to commit a crime *therein* but with intent to commit a crime in the garage of William Cunningham which section 401 of the Penal Law declares must be " considered a separate building."   It, therefore, follows that the defendant has been improperly convicted of burglary in the first degree.   Section 400, subdivision 4, of the Penal Law does not militate against this view. That merely applies to an ownership or a possession of one building. Here as we have seen there was within the purview of the statute two buildings.

Having reached the conclusion above indicated it is unnecessary to determine other questions raised by the appellant.

The judgment of conviction should be reversed on the law and facts and a new trial granted.

All concur.

Judgment of conviction reversed on the law and facts and new trial granted.