(769 P.2d 38)

No. 62,003

STATE OF KANSAS, *Appellee,* v. MICHAEL J. DORSEY, *Appellant.*

Opinion filed February 17, 1989.

*Charley Laman,* of Laman Law Office, of Clyde, for appellant.

*Robert A. Walsh,* county attorney, and *Robert T. Stephan,* attorney general, for appellee.

Before RULON, P.J., BRISCOE and BRAZIL, JJ.

BRAZIL, J.: Michael J. Dorsey timely appeals from his conviction in district court of aggravated burglary under K.S.A. 21-3716 and theft under K.S.A. 21-3701. Dorsey raises two issues on appeal: (1) Whether the district court erred in denying Dorsey's motion to dismiss the charge of aggravated burglary on the basis that the pharmacy was not a structure occupied by a human being at the time of the burglary, and (2) whether the district court erred in failing to instruct the jury on burglary as a lesser included offense. We affirm.

The pharmacy is located in the Concordia Medical Building, which also houses a clinic. The building was originally constructed as the Catholic bishop's home in Concordia. In about 1950, it was sold and converted into the clinic and pharmacy. The portion of the building in which the clinic is located consists

of a basement and three stories. The first and second stories are used by the clinic. Charles S. Scheibler, the building custodian, and his wife live in a third story apartment above the clinic. That portion of the building housing the pharmacy consists of only one level. There is a lobby between the pharmacy and the clinic. Scheibler's apartment is accessible to the rest of the building by front and rear stairs, and he has keys and access to all portions of the building, including the pharmacy.

The night of the burglary, Scheibler and his wife were asleep in their apartment when the police dispatcher called to tell Scheibler the pharmacy alarm had sounded. Scheibler went to the back door to let the police into the building. Scheibler did not have contact with Dorsey.

In denying Dorsey's motion to dismiss, the district court ruled that as a matter of law the building was occupied by a human being. This was a legal conclusion. This court's scope of review of legal conclusions is unlimited. *Williams Telecommunications Co. v. Gragg*, 242 Kan. 675, 676, 750 P.2d 398 (1988).

Aggravated burglary is defined in K.S.A. 21-3716 as "knowingly and without authority entering into . . . any building . . . or other structure . . . in which there is some human being, with intent to commit a felony or theft therein." In *State v. Price*, 215 Kan. 718, 721, 529 P.2d 85 (1974), the court stated that aggravated burglary occurs "where the burglary is committed in a structure in which there is some human being. Knowledge of the presence [of the person] at the time of entering the building is not necessary." This court has found that the presence of an individual need not be in the area of the building in which the burglary is committed for the burglary to be elevated to aggravated burglary. *State v. Fondren*, 11 Kan. App. 2d 309, 311, 721 P.2d 284, *rev. denied* 240 Kan. 805 (1986).

This court has stated that the purpose of the aggravated burglary statute is to make burglary a more serious offense "when there is the possibility of contact between the victim and the burglar and [there is an] accompanying potential for a crime against the person to occur." *State v. Reed*, 8 Kan. App. 2d 615, 616, 663 P.2d 680, *rev. denied* 234 Kan. 1077 (1983). The only difference between burglary and aggravated burglary is whether a human being is absent or present in the structure being burglarized. 8 Kan. App. 2d at 617.

We have been unable to find any Kansas cases which discuss burglary of buildings or structures similar to the pharmacy building; however, cases from other jurisdictions have proved helpful in determining whether the pharmacy was a building or structure occupied by a human being.

In the California case of *People v. Zelaya*, 194 Cal. App. 3d 73, 239 Cal. Rptr. 289 (1987), the defendant broke into an apartment complex garage and entered the basement of the complex. He was apprehended rummaging through the tenants' storage rooms. The storage rooms were unoccupied. The Court of Appeals held that the areas of the apartment house entered by the defendant "were functionally connected with, and an integral part of, the building's living quarters." 194 Cal. App. 3d 75. The court found that the defendant had committed burglary in the first degree. Burglary in the first degree in California is the equivalent of aggravated burglary in Kansas. Both crimes require that the burglarized building be one in which there is a human being.

A Minnesota case, *State v. Schotl*, 289 Minn. 175, 182 N.W.2d 878 (1971), addressed the situation in which the defendant burglarized a building used dually for business and residential purposes. In *Schotl*, the defendant broke into a building housing a grocery store, bar, and the owner's living quarters. The defendant ransacked the commercial premises and briefly entered the living quarters. On appeal the defendant argued he was improperly charged with burglary of a dwelling house because the theft occurred only from the commercial area of the building. The Minnesota court stated that "the place burglarized by defendant was a structure which included the residence or living quarters of the owner. The fact that these quarters were adjacent to the store premises does not deprive the building of its character as a dwelling." 289 Minn. at 179. The court held that the defendant was properly charged under the Minnesota burglary statute which is the equivalent of the Kansas aggravated burglary statute.

In *Tate v. State*, 556 P.2d 1014 (Okla Crim. 1976), the Oklahoma court confronted the issue of whether a building consisting of a first floor bookstore and second floor apartment was a dwelling house. The apartment was burglarized while a person was asleep in the bookstore. The court held that the entire

building equaled a dwelling house under the statute and that the building was occupied.

Dorsey places great weight on the old case of *People v. Haupt,* 218 App. Div. 251, 253, 218 N.Y.S. 210 (1926). In *Haupt* a building consisting of a store, apartment, and garage was burglarized. As a tenant slept in a third floor apartment, a burglar entered through the second story window and stole items from the garage. The New York court held that the garage and the apartment were separate adjoining structures and that breaking into the garage did not elevate the burglary to aggravated burglary.

The recent cases illustrate that courts are willing to broadly interpret the aggravated burglary requirement that a burglarized building be occupied. Based on these cases and the Kansas policy that aggravated burglary is intended to apply when there is the possibility of contact between the victim and burglar and, based on the possibility in the present case of contact between the building custodian and a burglar, we affirm the district court's finding that the pharmacy was a building occupied by a human being. The district court did not err in denying Dorsey's motion to dismiss.

The district court also concluded that the aggravated burglary statute was not vague or indefinite. On appeal, Dorsey argues that the broad interpretation of the statute makes the terms "building" and "structure" vague and indefinite and therefore the statute is unconstitutional. "The test to determine whether a criminal statute is unconstitutionally vague and indefinite is whether its language conveys a sufficiently definite warning as to the conduct proscribed when measured by common understanding and practice." *State v. Cantrell,* 234 Kan. 426, Syl. ¶ 11, 673 P.2d 1147 (1983), *cert. denied* 469 U.S. 817 (1984). In *State v. Huffman,* 228 Kan. 186, 189, 612 P.2d 630 (1980), the court stated that a statute should be presumed constitutional and that, "if there is any reasonable way to construe the statute as constitutionally valid, that should be done." Applying these rules of construction, the aggravated burglary statute clearly prohibits a person from entering a building where a person is located with the intent to commit a theft or felony and the terms "building" and "structure" are sufficiently clear and definite. The district

court was correct in deciding the aggravated burglary statute is not unconstitutionally vague.

Finally, Dorsey contends the district court erred in failing to instruct the jury on the lesser included offense of burglary. Dorsey did not request the district court to give an instruction on burglary or object to the aggravated burglary instruction. K.S.A. 21-3107(3) states, however:

"[W]here the crime charged may include some lesser crime, it is the duty of the trial court to instruct the jury, not only as to the crime charged but as to all lesser crimes of which the accused might be found guilty under the information or indictment and upon the evidence adduced."

K.S.A. 21-3107(2) states: "An included crime may be . . . (d) a crime necessarily proved if the crime charged were proved." Burglary is a lesser included crime of aggravated burglary because the only distinction between the crimes is that aggravated burglary includes the presence of a human being in the structure being burglarized. *State v. Fondren,* 11 Kan. App. 2d at 310.

In *State v. Galloway,* 238 Kan. 415, 416, 710 P.2d 1320 (1985), the court stated that a trial court has a duty to instruct on lesser included offenses only when evidence exists upon which the defendant could be convicted of the lesser offense. In this case, both parties agree that Scheibler was in his apartment at the time of the burglary. No evidence was presented to the contrary. The district court's failure to give an instruction on burglary was correct because evidence was not presented to convict Dorsey of burglary.

Affirmed.