(933 P.2d 160)

No. 74,899

STATE OF KANSAS, *Appellee*, v. HENRY GLENN KIRKLAND, *Appellant*.

Opinion filed February 28, 1997.

*Steven R. Zinn*, assistant appellate defender, and *Jessica R. Kunen*, chief appellate defender, for appellant.

*Michael Grear*, assistant county attorney, *David L. Miller*, county attorney, and *Carla J. Stovall*, attorney general, for appellee.

Before ELLIOTT, P.J., KNUDSON, J., and WAHL, S.J.

ELLIOTT, J.: Henry Glenn Kirkland appeals the determination of his criminal history score, challenging the inclusion of a prior juvenile adjudication for burglary in his criminal history and the classification of that adjudication as a person felony.

We affirm.

Defendant pled no contest to severity level 5 aggravated battery pursuant to a plea agreement. His criminal history worksheet contained a prior person felony (juvenile) adjudication for burglary. Kirkland claims that adjudication should be classified as a nonperson felony, changing his criminal history score.

At sentencing, the victim of the burglary testified the building involved was a funeral home which was used as a business on the first floor and a residence on the second floor. The room which was burglarized was a self-contained storage room.

Defendant first contends the trial court erred in ruling that when a building is used as both a business and a residence, an unauthorized entry into the business portion constitutes a person felony.

The classification of prior burglary juvenile adjudications is governed by statute. K.S.A. 21-4711. Burglary is defined under K.S.A. 21-3715(a) as knowingly and without authority entering into a structure which is a dwelling, with intent to commit a felony. "Dwelling" is defined as a building or portion thereof used or intended for use as a residence. K.S.A. 21-3110(7).

*State v. Dorsey*, 13 Kan. App. 2d 286, 769 P.2d 38, *rev. denied* 244 Kan. 739 (1989), is a starting point for interpreting K.S.A. 21-3715. There, Dorsey burglarized a pharmacy which was located in a building housing the pharmacy, a clinic, and an apartment. We upheld the trial court's denial of a motion to dismiss based on the allegation the pharmacy was not a structure occupied by a human.

In the present case, defendant argues there was no possibility of contact with a human because there was no access from the storage room to the residential portion of the building. But the possibility of contact derives from the fact that part of the building *was* used as a residence, regardless of whether the burglar had direct access to that part of the building. Contact with the victim was a possibility. See *State v. Fondren*, 11 Kan. App. 2d 309, 311, 721 P.2d 284, *rev. denied* 240 Kan. 805 (1986). The trial court's ruling that defendant's prior juvenile adjudication be scored as a person felony was not erroneous.

Next, defendant argues his prior juvenile adjudication could not be classified as a person felony because the charging document did not allege the burglarized structure was a dwelling. This argument is controlled by K.S.A. 21-4711(d). In this case, the State called the victim to testify regarding the nature and use of the burglarized building. The State satisfied its statutory burden.

Finally, defendant argues that scoring a prior juvenile adjudication in his criminal history violates his due process rights. The argument was considered and rejected in *State v. LaMunyon*, 259 Kan. 54, 911 P.2d 151 (1996).

Affirmed.