(965 P.2d 844)

No. 80,595

BRIAN HERRICK, *Appellee*, v. STATE OF KANSAS, *Appellant*.

Opinion filed September 4, 1998.

*Steven J. Obermeier*, assistant district attorney, *Paul J. Morrison*, district attorney, and *Carla J. Stovall*, attorney general, for the appellant.

*Robb Edmonds* and *Tom Bath*, of Bath & Edmonds, P.A., of Overland Park, for the appellee.

Before LEWIS, P.J., PIERRON, J., and REBECCA L. PILSHAW, District Judge, assigned.

PIERRON, J.: The State of Kansas appeals the district court's granting of Brian Herrick's motion to correct sentence filed pursuant to K.S.A. 60-1507. Herrick asserted his criminal history score was incorrect because the building involved in a burglary that was included in his criminal history was incorrectly defined as a "dwelling." The State argues the structure was a dwelling since it was used or intended for use as a residence. The State also argues that a defendant who stipulates to his or her criminal history under the Kansas Sentencing Guidelines Act (KSGA) cannot request a correction of sentence based on incorrect criminal history after the pronouncement of sentence. The State further contends the district court abused its discretion in admitting hearsay evidence from the police reports under the business records exception in order to establish that the residence subjected to Herrick's attempted burglary was used for storage.

Some detailed facts are necessary. In case number 93CR3350, Herrick was convicted of aggravated battery and aggravated robbery. He was sentenced pursuant to grid box 3-C on the nondrug grid to 85 months' imprisonment for aggravated robbery and a consecutive term of 41 months (grid box 4-I) for aggravated battery. Herrick did not object to his criminal history classification of category C (one person felony and one nonperson felony). In his direct appeal, this court affirmed Herrick's aggravated robbery conviction but reversed his aggravated battery conviction based on multiplicity grounds.

Approximately 6 months after the resolution of his direct appeal, Herrick filed a motion to correct sentence pursuant to K.S.A. 60-1507. Herrick objected to his criminal history classification of category C used in 93CR3350. He argued the attempted burglary conviction (87CR1597) which provided the person felony for his criminal history was in fact a nonperson felony.

As a result, Herrick claimed he should have been sentenced within criminal history category E instead of category C. Herrick argued the police reports indicated the subject residence was not used as a dwelling, but for storage of construction materials instead. With regard to ineffective assistance of trial counsel, Herrick suggested:

"While Mr. Herrick's motion is not entirely grounded on the failure of counsel to represent him he does believe that counsel failed to investigate the factual circumstances involving the attempted burglary conviction in Wyandotte County and to object to Mr. Herrick's criminal history score."

The district court conducted an evidentiary hearing on Herrick's motion. Herrick was represented throughout the trial and sentencing in 93CR3350 by James Roy Holliday, Jr. Holliday testified he recalled that Herrick had some prior convictions, one of which was for attempted burglary in Wyandotte County (87CR1597). Holliday stated he discussed the presentence investigation (PSI) report with Herrick and knew that Herrick had two prior attempted burglary convictions, one a person felony and the other a nonperson felony.

The complaint in 87CR1597 charged Herrick with burglary of "a residence at 306 N. 7th Street, Kansas City, Kansas." Tim Fur-

long was the investigator who compiled Herrick's PSI report. Furlong testified that in preparing Herrick's PSI report, he called the clerk's office and an employee in that office read him the complaint. It indicated the burglary was of a residence, so he classified the burglary as a person felony. He said the only time he would go beyond the facts in the complaint would be if the type of building where the burglary occurred was unclear.

Herrick was present and testified at the hearing. He stated the house he burglarized was in a residential area in his own neighborhood. He knew it was a house. He knew no one lived in the house. He said when he broke in, there were screen doors, windows, and pieces of wood laying all over the house.

At the end of Herrick's testimony, counsel offered documents from the Kansas City, Kansas, Police Department regarding case No. 87CR1597. The police report included statements from Amon Johnson, the owner of the house, indicating the house was used for storage. The State objected to the statements on the grounds of hearsay. Herrick argued the statements were admissible as business entries under K.S.A. 60-460(m), as official record under K.S.A. 60-460(o), or as an admission by a party, K.S.A. 60-460(g). Without explaining its rationale, the court admitted the police records in their entirety.

The district court granted Herrick's motion to correct his sentence. The court indicated it could not find that Holliday provided ineffective assistance of counsel given the facts and circumstances at the time of sentencing. The court ruled the burglary in 87CR1597 should have been scored as a nonperson felony rather than a person felony. The court recalled Herrick's criminal case (93CR3350) and reduced Herrick's sentence for the aggravated robbery conviction to 73 months per grid box 3-E of the KSGA, in accordance with Herrick's reduced criminal history classification.

The issue in this appeal is whether the district court erred in determining that Herrick's attempted burglary was not of a dwelling as contemplated in K.S.A. 21-3715 and K.S.A. 21-3110(7). The specific question presented is whether an unoccupied house, which at the time of an alleged burglary is used for storage is a dwelling under K.S.A. 21-3110(7).

"Interpretation of a statute is a question of law, and our review is unlimited." *In re Tax Appeal of Boeing Co.*, 261 Kan. 508, Syl. ¶ 1, 930 P.2d 1366 (1997). "When determining a question of law, this court is not bound by the decision of the district court." *Memorial Hospital Ass'n, Inc. v. Knutson*, 239 Kan. 663, 668, 722 P.2d 1093 (1986).

The State argues that Herrick admitted the building was a house, agreed it was built for human habitation, and agreed the complaint indicated the building was a residence. From these facts, the State argues Herrick burglarized a dwelling.

On the other hand, Herrick argues there is ample evidence, in addition to the police reports, to support the district court's finding that the burglary in 87CR1597 should be scored as a nonperson felony. Herrick relies on the evidence (apparently believed by the trial judge) that he lived in the neighborhood of the burglarized house and knew that no one lived in the house. He formed his impression that no one was living in the house because there were screen doors, windows, and pieces of wood laying all over the house, and when he went inside, it appeared that no one was living there.

We note the State does not actually dispute these facts, although it maintains the house was a dwelling.

K.S.A. 1997 Supp. 21-4711 provides for the criminal history classification of burglary convictions:

"(d) Prior burglary adult convictions and juvenile adjudications will be scored for criminal history purposes as follows:

(1) As a prior person felony if the prior conviction or adjudication was classified as a burglary as described in subsection (a) of K.S.A. 21-3715 and amendments thereto.

(2) As a prior nonperson felony if the prior conviction or adjudication was classified as a burglary as described in subsection (b) or (c) of K.S.A. 21-3715 and amendments thereto."

The crime of burglary is defined in K.S.A. 21-3715 as follows:

"Burglary is knowingly and without authority entering into or remaining within any:

(a) Building, manufactured home, mobile home, tent or other structure which is a dwelling, with intent to commit a felony, theft or sexual battery therein;

(b) building, manufactured home, mobile home, tent or other structure which is not a dwelling, with intent to commit a felony, theft or sexual battery therein; or

(c) motor vehicle, aircraft, watercraft, railroad car or other means of conveyance of persons or property, with intent to commit a felony, theft or sexual battery therein.

"Burglary as described in subsection (a) is a severity level 7, person felony. Burglary as described in subsection (b) is a severity level 7, nonperson felony. Burglary as described in subsection (c) is a severity level 9, nonperson felony."

The Kansas burglary statute distinguishes between structures which are or are not "dwellings." According to K.S.A. 21-3110(7), " '[d]welling' means a building or portion thereof, a tent, a vehicle, or other enclosed space which is used or *intended for use* as a human habitation, home or residence." (Emphasis added.)

Several Kansas cases discuss dwellings as used in K.S.A. 21-3715, although none are directly on point. In *State v. Dorsey*, 13 Kan. App. 2d 286, 769 P.2d 38, *rev. denied* 244 Kan. 739 (1989), the defendant burglarized a pharmacy which was located in a building housing the pharmacy and a clinic on the first two floors and an apartment on the third floor. The defendant burglarized the pharmacy without disturbing the people living in the apartment. This court upheld the trial court's denial of the defendant's motion to dismiss based on the allegation the pharmacy was not a structure occupied by a human. 13 Kan. App. 2d at 289-90.

In *State v. Schultz*, 22 Kan. App. 2d 60, 63, 911 P.2d 1119 (1996), this court stated that normally a gas station would not be considered a "dwelling" as contemplated by our legislature absent some proof that the gas station either was used or was intended for use as a human habitation, home, or residence.

In *State v. Kirkland*, 23 Kan. App. 2d 530, 933 P.2d 160 (1997), the defendant's criminal history included a conviction for burglary of a funeral home which was used as a business on the first floor and a residence on the second floor. The room which was burglarized was a self-contained storage room. The district court ruled that when a building is used as both a business and a residence, an unauthorized entry into the business portion constitutes a person felony. 23 Kan. App. 2d at 531.

The defendant in *Kirkland* argued the burglary conviction should have been scored as a nonperson felony since there was no access from the storage room to the residential portion of the building, thus eliminating any possibility of contact with people. 23 Kan. App. 2d at 531. The *Kirkland* court disagreed and found the district court did not err in scoring the defendant's burglary conviction as a person felony.

The purpose of creating a separate crime for aggravated burglary and for making simple burglary a person felony if the structure is a dwelling is to prevent contact with people. The court in *Dorsey* explained:

> "This court has stated that the purpose of the aggravated burglary statute is to make burglary a more serious offense 'when there is the possibility of contact between the victim and the burglar and [there is an] accompanying potential for a crime against the person to occur.' *State v. Reed*, 8 Kan. App. 2d 615, 616, 663 P.2d 680, *rev. denied* 234 Kan. 1077 (1983)." 13 Kan. App. 2d at 287.

See also *People v. Silva*, 256 Ill. App. 3d 414, 418, 628 N.E.2d 948, *appeal denied*, 155 Ill. 2d 573, 633 N.E.2d 12 (1993) (residential burglary statute was designed to protect privacy and sanctity of the home with view toward greater danger and potential for serious harm from burglary of home as opposed to business).

The statutory scheme for determining the nature of a burglary in Illinois is similar to that presently before the court. In Illinois, a residential burglary occurs when a person knowingly and without authority enters the dwelling place of another with the intent to commit therein a felony or theft. Ill. Comp. Stat. ch. 720, 5/19-3 (1993). In Ill. Comp. Stat. ch. 720, 5/2-6(a) (1993), "[d]welling" is defined as a "building or portion thereof, a tent, a vehicle, or other enclosed space which is *used or intended for use* as a human habitation, home or residence." (Emphasis added.)

In situations where a house is unoccupied, the Illinois courts apply a test of whether anyone intends to reside in the house within a reasonable period of time. For instance, in *People v. Bonner*, 221 Ill. App. 3d 887, 889-90, 583 N.E.2d 56 (1991), the court accepted the State's concession that a certain house was not a dwelling for purposes of Ill. Comp. Stat. ch. 720, 5/2-6(a), 19-3 (1993). The evidence indicated the house had not been occupied for over 7

years, due to the death of one owner and illness of another, and there was no expectation that the house would be occupied.

However, In *People v. Moore*, 206 Ill. App. 3d 769, 773-74, 565 N.E.2d 154 (1990), the owner was absent from the house for approximately 1 month and the court held the house was a residence as defined by the residential burglary statutes. The court found the owner had intended to and did return to the house and had checked on the house both before and after the burglary occurred. See also *People v. Smith*, 209 Ill. App. 3d 1091, 568 N.E.2d 417 (1991) (vacation home considered a dwelling, key inquiry was intent of owner to reside in building within reasonable period of time after absence).

The definition of dwelling used in the Kansas burglary statute is particularly broad. A dwelling is not only a building which is used as a human habitation, home, or residence, but one that is *intended for use* as one. This would seem to indicate that the building does not have to be presently used as human habitation, home, or residence for it to be considered a dwelling.

The legislative history of these provisions can be found in the minutes of the House Judiciary Committee of March 24, 1992, concerning Judicial Council recommendations contained in 1993 S.B. 423:

"The Sentencing Commission further subdivided 21-3715 based on whether the structure burglarized is a residence. The Criminal Law Committee accepts this subdivision but recommends use of 'dwelling' rather than 'residence' since dwelling is defined in 21-3110 to mean 'a building or portion thereof, a tent, a vehicle or other enclosed space which is used or intended for use as a human habitation, home or residence.' 'Residence' is defined in 77-201 to mean 'a place which is adopted by a person as the person's place of habitation and to which, whenever the person is absent, the person has the intention of returning. . . . ' "

It would appear that a distinction was meant to be drawn between the terms "dwelling" and "residence." "Dwelling" has a broad definition in Kansas, as opposed to the narrower definition of "residence," which appears to be the definitional approach taken by the Illinois court in its statute.

There seems to be no serious argument denying that the building in question was intended for use as a home, although it was not

being used that way at the time of the burglary. Neither does it appear that it was so dilapidated as to raise the issue of whether it could be used as a human habitation.

Under these facts we therefore find the trial court erred in modifying Herrick's criminal history based on the contention that the building in question was not a dwelling.

As we have resolved this case on the substantive issue involved, we need not address the additional contentions raised by the State.

Reversed.