(53 P.3d 1232)

No. 86,47▮

STATE OF KANSAS, *Appellee*, v. DANIEL W. ALVIS, *Appellant*.

Opinion filed April 26, 2002.

*Randall L. Hodgkinson*, assistant appellate defender, and *Jessica R. Kunen*, chief appellate defender, for the appellant.

*Richard A. Olmstead*, assistant district attorney, *Nola Foulston*, district attorney, and *Carla J. Stovall*, attorney general, for the appellee.

Before, PIERRON, P.J., JOHNSON, J., and BUCHELE, S.J.

BUCHELE, J.: Daniel Alvis appeals his sentence. He claims the trial court improperly classified two prior convictions as person felonies for the purpose of determining his criminal history score. We affirm in part and reverse in part.

Alvis pled guilty to four counts of aggravated indecent liberties, all contrary to K.S.A. 21-3503(a)(3)(A). Before sentencing, Alvis objected to his criminal history as set forth in his presentence investigation report. Specifically, Alvis argued that two convictions of burglary and one conviction of attempted burglary were improperly classified as person felonies.

The trial court heard evidence at the sentencing hearing about the prior convictions at issue. The State conceded that one burglary conviction should have been counted as a nonperson felony. The other two convictions involved houses that were not yet occupied, as they were still under construction. The court found that the houses were "substantially completed" and the State had proved by a preponderance of the evidence that the houses were dwellings.

Accordingly, the court found the prior convictions had been properly classified as person felonies.

On December 8, 2000, the trial court, using a criminal history score of B, imposed a prison sentence of 216 months for Count I, and concurrent prison sentences of 59 months for each of counts II - IV.

On appeal, Alvis argues the two convictions at issue should have been classified as nonperson felonies because the houses involved were still under construction and "not yet suitable for human habitation." The State counters that the houses, while not yet occupied, were clearly intended for human habitation; therefore, the convictions were properly classified as person felonies. This issue involves the interpretation of statutes, thus providing this court with unlimited review. See *Herrick v. State*, 25 Kan. App. 2d 472, 474-75, 965 P.2d 844, *rev. denied* 266 Kan. 1108 (1998).

For the purpose of determining criminal history, a prior burglary is scored as a person felony if the prior conviction was classified as a burglary as described in K.S.A. 21-3715(a). K.S.A. 2001 Supp. 21-4711(d)(1). K.S.A. 21-3715(a) defines burglary as "knowingly and without authority entering into or remaining within any: Building, manufactured home, mobile home, tent or other structure which is a dwelling, with intent to commit a felony, theft or sexual battery therein." A dwelling is "a building or portion thereof, a tent, a vehicle or other enclosed space which is used or intended for use as a human habitation, home or residence." K.S.A. 21-3110(7).

Both parties look to *Herrick* to support their respective arguments. Herrick filed a motion to correct an illegal sentence, arguing his prior attempted burglary conviction was improperly classified as a person felony for the purpose of calculating his criminal history score. The attempted burglary was of a house in the same residential area in which Herrick lived. Importantly, Herrick knew it was a house and that no one lived there. When he broke in, there were doors, windows, and pieces of wood lying all over the house. The police report indicated that the house was being used for storage.

The district court granted Herrick's motion and ruled the conviction should have been classified as a nonperson felony. The State

appealed, raising the question of whether an unoccupied house that was being used for storage at the time of a burglary constituted a dwelling under K.S.A. 21-3110(7).

This court reversed the district court and held that the house was, indeed, a dwelling:

"The definition of dwelling used in the Kansas burglary statute is particularly broad. A dwelling is not only a building which is used as a human habitation, home, or residence, but one that is *intended for use* as one. This would seem to indicate that the building does not have to be presently used as human habitation, home, or residence for it to be considered a dwelling." 25 Kan. App. 2d at 478.

In the present case, both structures at issue were unoccupied houses. The record reveals scant information regarding the condition of the houses. Though still under construction, each house had doors, windows, and locks. The owner of the first house testified that he had planned to move into the house 5 days after the attempted burglary had occurred. The evidence also showed there was some drywall up in the second house at the time of the burglary.

Alvis maintains that the evidence failed to show the houses were habitable at the time of the offenses and, therefore, it cannot be said they were dwellings as defined in K.S.A. 21-3110(7). For support, Alvis notes the lack of evidence showing that either of the houses had such things as electricity, running water, and toilets. Alvis' arguments appear to be derived from the following language used by the *Herrick* court:

"There seems to be no serious argument denying that the building in question was intended for use as a home, although it was not being used that way at the time of the burglary. Neither does it appear that it was so dilapidated as to raise the issue of whether it could be used as a human habitation." 25 Kan. App. 2d at 478-49.

As previously mentioned, the definition of dwelling is quite broad. *Herrick*, 25 Kan. App. 2d at 478; see *State v. Kirkland*, 23 Kan. App. 2d 530, 530-31, 933 P.2d 160, *rev. denied* 262 Kan. 966 (1997)(held prior juvenile adjudication for burglary of funeral home was properly scored as person felony where first floor was used for business and second floor was used as residence; although room burglarized was a self-contained storage room, there re-

mained a possibility of contact with people because part of building was used as a residence "regardless of whether the burglar had direct access to that part of the building").

Regarding Alvis' conviction for attempted burglary, we are convinced there was sufficient evidence presented that the subject house was a dwelling. See K.S.A. 21-3110(7). The evidence that the owner was to move in 5 days later compels such a finding. Accordingly, the trial court did not err in classifying the attempted burglary as a person felony. See K.S.A. 21-3715(a); K.S.A. 2001 Supp. 21-4711(d)(1).

However, the same cannot be said for the burglary conviction. We know the house was under construction and had not yet been lived in. Whether the house was capable of human habitation is unknown. The record is so lacking in information regarding the house's condition that we cannot conclude the house qualified as a dwelling under K.S.A. 21-3110(7). The State simply failed to carry its burden in this regard. Therefore, we hold that the trial court erred in classifying Alvis' burglary conviction as a person felony. On remand, the trial court must classify the burglary conviction as a nonperson felony for the purpose of redetermining Alvis' criminal history score. See K.S.A. 21-3715(b); K.S.A. 2001 Supp. 21-4711(d)(2).

We note that the purpose for making a burglary involving a dwelling a person felony is to prevent contact with people. *Herrick*, 25 Kan. App. 2d at 477. We believe our holding in this case comports with this objective and the reasoning set forth in *Herrick*.

Affirmed in part, reversed in part, and remanded with directions.