(154 P.3d 1148)
No. 95,592

STATE OF KANSAS, *Appellee*, v. DONALD D. STOREY, *Appellant*.

*Matthew J. Edge*, of Kansas Appellate Defender Office, for the appellant.

*Boyd K. Isherwood*, assistant district attorney, *Nola Tedesco Foulston*, district attorney, and *Phill Kline*, attorney general, for the appellee.

Before McANANY, P.J., PIERRON, J., and BUKATY, S.J.

BUKATY, J.: Donald D. Storey appeals his conviction and sentence for burglary. He raises three issues: The evidence was insufficient to support a burglary conviction; the district court erred in using his prior criminal record to increase his sentence; and the trial court erred in ordering him to reimburse the Board of Indigents' Defense Services (BIDS) without first considering on the record his ability to pay such fees.

The sufficiency of the evidence issue presents us with the question of whether the building Storey entered, which was under construction at the time, constituted a building under our burglary statute. Concluding that it does, we affirm the conviction. As to the sentence, we conclude the district court did not err in using Storey's prior criminal record to increase his sentence. However, we reverse the order to reimburse BIDS because of the failure of the district court to consider Storey's ability to pay such and remand for a new hearing on the issue.

On the night of the incident, Storey entered into a building that was under construction and removed a saw from a locked tool box located within it. The building would later become Wesley Medical Center. It was 70% complete at the time and consisted of four brick walls, a roof, a concrete floor, and installed electrical work. Windows and doors had not yet been installed.

The State charged Storey with one count of burglary in violation of K.S.A. 21-3715(b) and one count of theft in violation of K.S.A. 2006 Supp. 21-3701(a)(1). The case proceeded to a bench trial on stipulated facts. At the trial, the defense argued that no barriers existed on the building to prevent Storey from entering. The district court determined this was not a critical factor and found Storey guilty on both counts.

The district court then ordered a presentence investigation (PSI) report. It revealed that Storey had two nonperson felonies, among other convictions. At sentencing the defense did not object to the PSI report information, and Storey admitted to a criminal history classification of F. The court then sentenced Storey to an underlying prison term of 17 months for burglary and a concurrent sentence of 6 months for theft. It then granted probation. The court also ordered Storey to reimburse the BIDS in the amount of $1,330 for attorney fees and $100 for an administrative fee.

Storey argues that his entry into an unfinished and unsecured building is not burglary as proscribed by K.S.A. 21-3715; therefore, insufficient evidence existed to support his burglary conviction. In response, the State contends that a building does not have to be fully enclosed to be protected under the burglary statute.

" 'When the sufficiency of the evidence is challenged in a criminal case, the standard of review is whether, after review of all the evidence, viewed in the light most favorable to the prosecution, the appellate court is convinced that a rational factfinder could have found the defendant guilty beyond a reasonable doubt.' [Citation omitted.]" *State v. Kesselring*, 279 Kan. 671, 679, 112 P.3d 175 (2005).

To the extent that our analysis of this issue requires interpretation of our burglary statute, we have a question of law over which we have unlimited review. This court is not bound by the trial court's interpretation. *State v. Bryan*, 281 Kan. 157, 159, 130 P.3d 85 (2006).

Our burglary statute, K.S.A. 21-3715, provides in pertinent part the following:

"Burglary is knowingly and without authority entering into or remaining within any:

"(a) Building, manufactured home, mobile home, tent or other structure which is a dwelling, with intent to commit a felony, theft or sexual battery therein;

"(b) building, manufactured home, mobile home, tent or other structure which is not a dwelling, with intent to commit a felony, theft or sexual battery therein."

We note three often cited canons of statutory construction that are appropriate here. The first is perhaps the most fundamental and provides as follows:

> "The fundamental rule of statutory construction is to ascertain the legislature's intent. The legislature is presumed to have expressed its intent through the language of the statutory scheme. Ordinary words are given their ordinary meanings. A statute should not be read to add language that is not found in it or to exclude language that is found in it. When a statute is plain and unambiguous, the court must give effect to the legislature's intent as expressed rather than determining what the law should or should not be. [Citation omitted.]" *Bryan,* 281 Kan. at 159.

Second, " '[a]s a general rule, statutes are construed to avoid unreasonable results. There is a presumption that the legislature does not intend to enact useless or meaningless legislation. [Citation omitted.]' [Citation omitted.]" *Pieren-Abbott v. Kansas Dept. of Revenue,* 279 Kan. 83, 89, 106 P.3d 492 (2005).

The third canon applies to criminal statutes:

> " 'The general rule is that a criminal statute must be strictly construed in favor of the accused, which simply means that words are given their ordinary meaning. Any reasonable doubt about the meaning is decided in favor of anyone subjected to the criminal statute. This rule of strict construction, however, is subordinate to the rule that judicial interpretation must be reasonable and sensible to effect legislative design and intent.' [Citation omitted.]" *State v. McCurry,* 279 Kan. 118, 121, 105 P.3d 1247 (2005).

Initially, we find no support within the wording of the burglary statute for Storey's contention that a structure must present a barrier to entry or that it must provide an enclosed space for protection of persons or property located inside to qualify as a building under the statute. We do note the legislature defined a dwelling as "a building or portion thereof, a tent, a vehicle or other *enclosed* space . . ." under K.S.A. 2006 Supp. 21-3110(7). (Emphasis added.) However, it did not similarly define a non-dwelling building. A plain reading then of our burglary statute suggests that a building need not have complete enclosure in order to qualify as a building under the statute.

We note also that the legislature included the word "any" before the term building. Significantly, this suggests that it intended that all types of buildings be included under the statute. K.S.A. 21-3715.

We note the term "building" for purposes of burglary is defined by Am. Jur. 2d as "a structure designed for and having the capacity to contain people or animals, or to shelter property." 13 Am. Jur.

2d, Burglary § 10, p. 188. Black's Law Dictionary 207 (8th ed. 2004), defines a building as "[a] structure with walls and a roof, [especially] a permanent structure." A building as defined by Webster's Dictionary is "[a] structure that is built." Webster's II New Riverside University Dictionary 207 (1988). None of these definitions contain any reference to a barrier to entry or a requirement the structure be completely enclosed. Certainly, the structure Storey entered on the night in question fits any of these definitions at the time Storey entered it.

In further support of his argument that a structure that is not enclosed and does not present a barrier that protects people and property is not a building under the burglary statute, he cites *State v. Moler*, 269 Kan. 362, 2 P.3d 773 (2000). The facts there are distinguishable, however, as well as the legal issue involved. In *Moler*, the court dealt with a lean-to that was entirely open on one side. The edifice was completely constructed. In that completed form it had only three walls, a dirt floor, and a roof. Also, the court there had to determine whether the lean-to was an "other structure" as opposed to a building under subsection (b) of the burglary statute. Here, we have an edifice with four walls, a roof, a concrete floor, and completed electrical work with windows and doors yet to be installed. Here, we are concerned with whether the site of the intrusion was a building under the statute and not whether it was an other structure. *Moler* offers Storey no support.

Under Storey's argument, a completed building with its doors and windows open or unlocked or perhaps with a door that could be easily kicked in would not constitute a building under the statute either, since it does not present a barrier to entry. However, we doubt if anyone would seriously argue the open or unlocked structure was not a building for purposes of the burglary statute. Certainly, we would not engage in an analysis as to whether there was a barrier to entry or how substantial and secure it was before making that determination. Such items would not be critical factors in the determination. We see no need to engage in such an analysis here either.

Storey cites *State v. Alvis*, 30 Kan. App. 2d 889, 53 P.3d 1232 (2002), for the proposition that a structure is classified under the

burglary statute as it exists at the time of the alleged crime and not what it will be upon completion. He argues, therefore, that the makeup of the final product is irrelevant. Again, *Alvis* is distinguishable. *Alvis* involved houses under construction. However, the legal issue involved whether they were dwellings that rendered the convictions person felonies or were they buildings that rendered the crimes nonperson felonies. The decision did not require a determination as to whether they were buildings in the first place under the burglary statute.

It appears that our courts have not previously addressed whether an unfinished structure such as the one in this case constitutes a building under our burglary statute. Several other states have, however. All which have done so that we are aware of have determined that such an unfinished structure is a building under their respective burglary statutes.

In *Smith v. State*, 226 Ga. App. 9, 485 S.E.2d 572 (1997), the court considered whether a house under construction could be burglarized under Georgia's burglary statute. The unfinished house had a roof, walls, and windows, but the garage door and the door leading from the garage to the house were not yet installed. The court first noted that it had interpreted the word "building" broadly in the past. 226 Ga. App. at 10. It then considered three similar cases from other jurisdictions, all of which had determined a building under construction fell within the meaning of the term "building" under those states' burglary statutes. The court explained that the legislature placed the term " 'any' " before " 'building,' " which indicated the statute was designed to include buildings of whatever kind. 226 Ga. App. at 11. Because the burglary statute did not limit its application to buildings of a specific type or in a particular condition, the court concluded that the house under construction was a "building" as that term was used in the burglary statute. 226 Ga. App. at 11-12. Such is the situation in the Kansas statute.

In *Clark v. State*, 69 Wis. 203, 33 N.W. 436 (1887), the court considered whether a house under construction that had walls, sides, and a roof, but no windows installed, constituted a building under Wisconsin's burglary statute. In holding that the house was a building under the statute, the court stated that a building "does

not necessarily mean a structure so far completed as to be in all respects fit for the purpose for which it was intended." 69 Wis. at 206, 210-11. Rather, it must only be complete enough to provide shelter to persons, animals, or personal property. 69 Wis. at 206.

In *People v. Angel*, 178 App. Div. 2d 419, 577 N.Y.S.2d 116 (1991), *appeal denied* 79 N.Y.2d 852 (1992), the court considered whether an unfinished house that still required installation of the windows and skylight was a building under New York's burglary statute. It determined that it clearly was. 178 App. Div. 2d at 419. In *People v. Gillespie*, 344 Ill. 290, 176 N.E. 316 (1931), *reh. denied* June 5, 1931, the court considered whether a tool shed under construction constituted a building under Illinois' burglary statute. Parts of the shed's walls had not yet been built and the doors and windows had not been installed. The court determined the tool shed was a building under Illinois' burglary statute. 344 Ill. at 294.

Under a plain reading of our statute combined with the weight of authority from other states, we conclude the unfinished building that Storey entered and from which he stole a saw constituted a building as mentioned in K.S.A. 21-3715(b). Sufficient evidence existed then to support his conviction.

Storey next challenges the trial court's assessment of fees to reimburse the BIDS under K.S.A. 2006 Supp. 22-4513 without considering his financial resources and the burden that payment of such fees would impose. The State concedes the point. Clearly, the Supreme Court has resolved the issue in *State v. Robinson*, 281 Kan. 538, 539, 132 P.3d 934 (2006). There, the court considered whether the sentencing judge violated K.S.A. 2006 Supp. 22-4513 by failing to explicitly consider, at the time of assessment, the defendant's ability to pay attorney fees and the financial burden payment would impose. Ruling for the defendant, the court determined that "the sentencing court, at the time of initial assessment, must consider the financial resources of the defendant and the nature of the burden that payment will impose explicitly, stating on the record how those factors have been weighed in the court's decision." 281 Kan. at 546.

Here, the district court assessed a BIDS attorney fee of $1,330 and a BIDS administrative fee of $100. The court failed, however,

to inquire into Storey's ability to pay and the burden that payment of such would impose. We reverse and remand on this issue for the district court to consider on the record Storey's financial resources and the nature of the burden that payment of the fees will impose.

Finally, Storey challenges for the first time his criminal history score. He asserts that his sentence is illegal and it violates the principles of *Apprendi v. New Jersey*, 530 U.S. 466, 147 L. Ed. 2d 435, 120 S. Ct. 2348 (2000), because his criminal history was not proved beyond a reasonable doubt to a jury. He concedes that our Supreme Court has considered and decided this issue adversely to his position in *State v. Ivory*, 273 Kan. 44, 41 P.3d 781 (2002).

As Storey acknowledges, prior Kansas Supreme Court precedent has determined the issue contrary to his position. In *Apprendi*, the United States Supreme Court instructed that "[o]ther than the fact of a prior conviction, any fact that increases the penalty for a crime beyond the prescribed statutory maximum must be submitted to a jury, and proved beyond a reasonable doubt." (Emphasis added.) 530 U.S. at 490. Recognizing the exception for prior convictions in the Court's language, *Ivory* held that the principles of *Apprendi* are not applicable when a sentencing court uses a defendant's prior adult convictions to establish a criminal history score under the Kansas Sentencing Guidelines Act. *Ivory*, 273 Kan. at 46-47.

This court is duty bound to follow Kansas Supreme Court precedent, absent some indication the court is departing from its previous position. *State v. Beck*, 32 Kan. App. 2d 784, 788, 88 P.3d 1233, *rev. denied* 278 Kan. 847 (2004). In *State v. Lackey*, 280 Kan. 190, 120 P.3d 332 (2005), *cert. denied* 164 L. Ed. 2d 399 (2006), our Supreme Court recently reaffirmed its rationale from *Ivory*. Since there is no indication that our Supreme Court is departing from *Ivory*, the trial court did not err when it sentenced Storey using his prior convictions.

Storey's challenge to his sentence also fails for another reason. Storey failed to challenge his criminal history score at the trial court level. In fact, Storey acknowledged at sentencing that his criminal history score was F. Constitutional grounds for reversal asserted for the first time on appeal are not properly before an appellate

court for review. *State v. Williams*, 275 Kan. 284, 288, 64 P.3d 353 (2003). Additionally, a defendant who has stipulated to his or her criminal history in the trial court generally is precluded from claiming it is incorrect on appeal. *State v. Goeller*, 276 Kan. 578, 585, 77 P.3d 1272 (2003).

Affirmed in part, reversed in part, and remanded with instructions.

PIERRON, J., concurring in part and dissenting in part: I respectfully dissent from that portion of the majority opinion which finds the structure here constituted a building under our burglary statute.

*State v. Alvis*, 30 Kan. App. 2d 889, 53 P.3d 1232 (2002), dealt with this issue in detail and determined that basic habitability was the key issue. I do not believe the majority opinion validly distinguishes *Alvis* from the instant case. The issue was essentially the same. I will not reproduce the rationale of *Alvis* but believe it would be controlling.