(203 P.3d 18)
No. 98,798

STATE OF KANSAS, *Appellee*, v. JOHN R. ROOSE, *Appellant*.

Opinion filed March 13, 2009.

*Stacey L. Schlimmer*, legal intern, and *Randall L. Hodgkinson*, of Kansas Appellate Defender Office, for the appellant.

*Jamie L. Karasek*, assistant district attorney, *Robert D. Hecht*, district attorney, and *Steven N. Six*, attorney general, for the appellee.

Before RULON, C.J., PIERRON and GREENE, JJ.

PIERRON, J.: This case turns on the classification of John Roose's 1978 burglary conviction. In 2005, Roose was charged with an aggravated weapons violation under K.S.A. 21-4202(a)(2), which makes it unlawful to carry a pistol if you have previously been convicted of a person felony. The charge was based on Roose's burglary conviction from 1978. After a bench trial on stipulated facts, Roose was convicted of an aggravated weapons violation. He

now argues on appeal that his burglary conviction from 1978 was improperly characterized as a person felony.

The classification of burglary as a person or nonperson felony under the current version of the burglary statute depends on whether the structure burglarized is a dwelling, which looks to the use or intended use of the structure burglarized—not simply the type of structure. In 1978, the statute did not distinguish between person and nonperson burglary or burglary of a dwelling versus burglary of a nondwelling. See K.S.A. 21-3715 (Weeks). Although the evidence in Roose's case indicated that he burglarized a "house" in 1978, no evidence suggested that the house was used or intended for use as a human habitation, home, or residence, which is the definition of dwelling. Because there was insufficient evidence to support the conclusion that Roose's 1978 burglary conviction involved a dwelling, and was therefore a person felony, his conviction must be reversed.

On October 20, 2004, police officers spotted Roose going through a dumpster. When an officer approached Roose to ask what he was doing, the officer recognized him as a suspect in a previous window-peeking incident. During the encounter, the officer noticed what appeared to be a folded knife clip in Roose's pocket. As a precaution, officers conducted a pat-down search of Roose, which revealed a handgun in his coat pocket. Roose was arrested on a weapons violation. It was later determined that he previously had been convicted of burglarizing a house in 1978. Roose was charged with an aggravated weapons violation under K.S.A. 21-4202(a)(2), which makes it unlawful for a person to carry a concealed pistol if that person previously has been convicted of a person felony. The prior felony referenced was the burglary conviction from 1978.

Prior to trial, Roose filed a motion to dismiss on the grounds that the complaint failed to charge a crime because his 1978 conviction could not be classified as a person felony. The State opposed the motion, and the district court adopted the State's legal arguments in denying Roose's motion to dismiss.

A bench trial was held on stipulated facts. The stipulated facts included details of the gun's discovery and a copy of both the com-

plaint and journal entry for the 1978 burglary conviction. Based on these facts, the district court found Roose guilty of an aggravated weapons violation. He was sentenced to 12 months' probation, with an underlying prison term of 8 months.

Before reaching the merits of Roose's claim of sufficiency of the evidence, two issues regarding the record should be addressed. First, the State asserts that Roose's failure to include the stipulation of facts in the record on appeal precludes any consideration of his sufficiency of the evidence argument. But Roose's reply brief notes that although the stipulation was originally omitted from the record, Roose's attorney requested that the district court add it to the record. The district court added the stipulation, and it appears in volume VI of the record on appeal.

Second, there is some confusion surrounding which statute Roose was actually convicted under. Roose was charged under K.S.A. 21-4202, which deals with aggravated weapons violations. K.S.A. 21-4202(a) has two provisions—one dealing with individuals who have been convicted of a nonperson felony within the past 5 years and another dealing with individuals who have been convicted of a person felony at any point in time. The complaint in this case charged Roose with violating K.S.A. 21-4202(a)(2), the person felony provision; this portion of the statute charges an aggravated weapons violation against a person who violates K.S.A. 21-4201 and has also previously been convicted of a person felony. The journal entry in this case, however, states that Roose was convicted of an aggravated weapons violation based on a prior *nonperson* felony, in violation of K.S.A. 21-4202(a)(1). When the district court announced Roose's verdict following his bench trial, it found him "guilty of aggravated weapon violation and violation of K.S.A. 21-4202(a)(1), as charged in Count 1 of the complaint." This is somewhat ambiguous because Count 1 of the complaint charged Roose under K.S.A. 21-4202(a)(2). At sentencing the court stated that Roose had been convicted of violating "K.S.A. 22-4202(a)(1)."

It appears the district court simply misspoke and the misstatement was repeated in the journal entry. The journal entry should be corrected.

When a conviction is challenged for sufficiency of the evidence, all the evidence must be reviewed in a light most favorable to the prosecution. There was sufficient evidence if the appellate court is convinced that a rational factfinder could have found the defendant guilty beyond a reasonable doubt. *State v. Gutierrez*, 285 Kan. 332, 336, 172 P.3d 18 (2007). "In its review, the court does not pass upon the credibility of witnesses or weigh conflicting evidence." *State v. Francis*, 282 Kan. 120, 152, 145 P.3d 48 (2006).

As noted above, Roose was charged with one count of an aggravated weapons violation under K.S.A. 21-4202(a)(2), which states:

"(a) An aggravated weapons violation is a violation of any of the provisions of K.S.A. 21-4201 and amendments thereto by a person who:

. . . .

"(2) has been convicted of a person felony pursuant to the Kansas laws or in any other jurisdiction which is substantially the same as such crime or has been released from imprisonment for such crime, and has not had the conviction of such crime expunged or been pardoned for such crime."

The complaint for the aggravated weapons violation alleged that Roose's prior person felony was his burglary of a "residence" in Leavenworth County. The complaint and journal entry in that 1978 case were included in the stipulation of facts. That 1978 complaint charged Roose with feloniously entering "a building, a house at 1914 Rose St, Leavenworth, Kansas." There is no mention of it being a residence. The 1978 complaint also charged Roose with theft of several items of personal property, namely a television set, a camera, a pistol, cash, and a safety box belong to a particular person.

At the time of Roose's 1978 conviction, burglary was defined as "knowingly and without authority entering into or remaining within any building, mobile home, tent or other structure, or any motor vehicle, aircraft, watercraft, railroad car or other means of conveyance of persons or property, with intent to commit a felony or theft therein." K.S.A. 21-3715 (Weeks). In 1978, burglary was a class D felony. There was no distinction between burglary of dwellings and nondwellings, and felonies were not distinguished as person or nonperson crimes at that time. The subsequent changes in the applicable statutes are the source of our difficulties.

Under the current statutory scheme, burglary is knowingly and without authority entering into a building, manufactured home, mobile home, tent, or other structure with the intent to commit a felony inside. If the building is a dwelling, the crime is classified as a person felony; if not, it is a nonperson felony. K.S.A. 21-3715. A dwelling is defined by K.S.A. 21-3110(7) as "a building or portion thereof, a tent, a vehicle or other enclosed space *which is used or intended for use* as a human habitation, home or residence." (Emphasis added.) Thus, under the current burglary statute, unlawful entry into a structure that is used or intended for use as a human habitation, home, or residence is a person felony. If the structure is not used or intended for use as a human habitation, home, or residence, it is a nonperson felony.

Under this current statutory language, simply describing the structure as a "house" does not indicate whether the structure is a dwelling and, thus, does not indicate whether the crime was a person or nonperson felony. Such a distinction depends on the actual or intended use of the structure. Indeed, the statute's definition of dwelling as a building or "other enclosed structure" that is used or intended for use as a habitation, home, or residence indicates that *any* type of building can be a dwelling, not that certain types of buildings (such as a house) are always considered dwellings. This is a logical distinction because, as Roose points out in his brief, a house can be used as a place of business instead of as a dwelling and structures originally used for business or storage can be transformed into dwellings.

In Roose's case, the State was required to prove all elements of the crime charged beyond a reasonable doubt, and one of those elements was a prior person felony conviction. See *State v. Atkinson*, 215 Kan. 139, 142, 523 P.2d 737 (1974) ("With respect to the firearm charge [under K.S.A. 1973 Supp. 21-4202,] evidence of a prior conviction is, of course, not only a material fact but an element of the offense."). But the only specifics of Roose's 1978 burglary conviction introduced into evidence was that it was of a house. There was no evidence or testimony as to what the house was used for or the owner's intention. There was no evidence from which the district court, as factfinder, could have concluded beyond a

reasonable doubt that the house was a dwelling. And without such a conclusion, there was no way to determine whether Roose's 1978 conviction was the equivalent of a person felony. Accordingly, based on the plain statutory language and the stipulated facts in this case, there was insufficient evidence to convict Roose of an aggravated weapons violation.

It does not appear that Kansas courts have had the opportunity to address this issue in this context. But courts have addressed whether older burglary convictions can be classified as person or nonperson felonies for criminal history scoring purposes. In *State v. Alvis*, 30 Kan. App. 2d 889, 53 P.3d 1232 (2002), the defendant challenged his sentence and argued that his two prior burglary convictions were incorrectly classified as person felonies. The record in *Alvis* showed that both of the burglary convictions involved houses that were under construction; both had doors, windows, and locks. However, the owner of one of the houses testified that he intended to move in within 5 days of the burglary, while the only other evidence involving the second house was that it had some drywall in place. The *Alvis* court held that based on the owner's intent, there was sufficient evidence to conclude that the first house was a dwelling. But as to the second house, the court stated: "The record is so lacking in information regarding the house's condition that we cannot conclude the house qualified as a dwelling under K.S.A. 21-3110(7)." 30 Kan. App. 2d at 892.

*Alvis* involved the application of K.S.A. 2001 Supp. 21-4711(d), which dictates how prior burglary convictions are scored for criminal history purposes. A prior conviction is scored as a person felony if it was classified as a burglary as defined in K.S.A. 21-3715(a) (burglary of a dwelling); a prior conviction is scored as a nonperson felony if it was classified as a burglary as defined in K.S.A. 21-3715(b) or (c) (burglary of a nondwelling or motor vehicle). The State is required to prove this classification by a preponderance of the evidence. K.S.A. 21-4711(d).

Other cases have applied this same statute and have allowed less evidence to be sufficient in determining that a burglary was of a dwelling *for criminal history scoring purposes*. In *Herrick v. State*, 25 Kan. App. 2d 472, 478-79, 965 P.2d 844, *rev. denied* 266 Kan.

1108 (1998), the court found that a house that was being used for storage was still a dwelling because it "was intended for use as a home, although it was not being used that way at the time of the burglary." This was the case even though the owner stated that the house was used for storage, the defendant knew no one was living in the house, and there were doors, windows, and pieces of wood strewn throughout the house. The court reasoned that, under the definition of dwelling found in K.S.A. 21-3110(7), as long as a building *is intended for use* as a human habitation, home, or residence, it is a dwelling even if it is not presently so used. 25 Kan. App. 2d at 478.

Other cases have likewise concluded that houses were necessarily dwellings, with little information other than the designation of the structure as a "house." See *State v. May*, 39 Kan. App. 2d 990, 997, 186 P.3d 847, *rev. denied* 287 Kan. 768 (2008) ("By pleading guilty to [the burglary of two houses], May admitted that his prior burglaries were of dwellings."); *State v. Morehead*, No. 97,960, unpublished opinion filed June 20, 2008, *rev. denied* 287 Kan. 768 (2008) (although the new, move-in-ready house was unoccupied, "it was clearly intended for such use" and therefore was a dwelling); *State v. True*, No. 90,890, unpublished opinion filed September 3, 2004, *rev. denied* 278 Kan. 851 (prior burglaries declared person felonies where evidence showed that properties were appraised as single-family, residential dwellings, and items taken were things typically found in a house).

The critical distinction that must be acknowledged between these cases and Roose's case is the standard of proof. In all the other cases, the State was only required to prove that the structure in question was a dwelling by a preponderance of the evidence because the question was one of determining the defendant's criminal history score. See K.S.A. 21-4711(d). But in Roose's case, whether he committed a person felony was an element of the crime he was charged with, see *Atkinson*, 215 Kan. at 142, and, therefore, whether the structure he burglarized was a dwelling required proof beyond a reasonable doubt. "A preponderance of the evidence is established when the evidence demonstrates a fact is more probably true than not true." *State v. Inkelaar*, 38 Kan. App. 2d 312,

315, 164 P.3d 844 (2007), *rev. denied* 286 Kan. 1183 (2008). In contrast, proving guilt beyond a reasonable doubt means just that. *In re B.D.-Y.*, 286 Kan. 686, 692, 187 P.3d 594 (2008) (" ' " 'No definition or explanation can make any clearer what is meant by the phrase "reasonable doubt" than that which is imparted by the words themselves.' " ' [Quoting *State v. Bridges*, 29 Kan. 138, 141 (1883).]"). Thus, what might have sufficed in *Herrick* and the other cases where a house was found to be a dwelling simply because it was described as a house is not sufficient to prove beyond a reasonable doubt that Roose's 1978 conviction would be classified as a person felony. Because the burglary statute is worded in such a way that a house could be a dwelling or not, under the facts of the stipulation it is impossible to conclude *beyond a reasonable doubt* that Roose's 1978 conviction was the equivalent of a person felony when the only facts known are that it was a burglary of a house. Without such proof, there was insufficient evidence to convict Roose of an aggravated weapons violation.

Reversed.

GREENE, J., concurring: I write separately only to opine that I would decide this case based on the fact that Roose's 1978 burglary conviction was not a "person" felony; thus, his conviction of an aggravated weapons violation was improper. As recognized by my colleagues, Kansas law made no distinction between "person" and "nonperson" felonies in 1978, and we should not attempt to mold a prior conviction into something it was not.

K.S.A. 21-4202(a)(2) clearly requires as an element of the crime that the defendant have been convicted "of a person felony pursuant to Kansas laws." Roose's 1978 burglary conviction was no such animal. Notwithstanding that we may examine the evidence underlying such a conviction and make such a determination for criminal history purposes, here the nature of the previous crime is an element of the crime charged, and the defendant is entitled to a favorable interpretation of the statute under the rule of lenity. See *State v. Zeit*, 39 Kan. App. 2d 364, Syl. ¶ 3, 180 P.3d 1068 (2008).

With due respect to my colleagues, I would reverse the conviction on this ground rather than the analysis employed by the majority.