NOT DESIGNATED FOR PUBLICATION

No. 113,010

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

STATE OF KANSAS,
*Appellee*,

v.

CHRISTOPHER A. KREBBS
*Appellant*.


MEMORANDUM OPINION

Appeal from Sedgwick District Court; DOUGLAS R. ROTH, judge. Opinion filed June 17, 2016. Affirmed.

*Carol Longenecker Schmidt*, of Kansas Appellate Defender Office, for appellant.

*Lesley A. Isherwood*, assistant district attorney, *Marc Bennett*, district attorney, and *Derek Schmidt*, attorney general, for appellee.

Before MALONE, C.J., LEBEN, J., and JOHNSON, S.J.

*Per Curiam*: Christopher A. Krebbs appeals the district court's revocation of his probation and imposition of his underlying sentence following his conviction of one count of cultivation and distribution of a controlled substance. Krebbs argues that there was insufficient evidence to establish he violated the conditions of his probation. He also argues that the district court abused its discretion by revoking his probation and ordering him to serve his underlying sentence. Finding no error, we affirm.

On September 19, 2011, Krebbs pled no contest to one count of cultivation and distribution of a controlled substance. On February 3, 2012, the district court sentenced Krebbs to 23 months' imprisonment but granted probation with community corrections for 18 months after making border box findings. In the 2 years following the initial sentencing, the district court revoked, reinstated, and extended Krebbs' probation on three separate occasions for various violations of the conditions of his supervision.

On April 25, 2014, the district court issued a warrant alleging that Krebbs again violated the conditions of his probation by (1) testing positive for synthetic cannabinoids on March 27, 2014; (2) committing the offense of driving under the influence (DUI) on April 19, 2014; and (3) being out-of-place of his assignment on April 19, 2014. At the hearing on September 12, 2014, the State presented evidence only on the allegation that Krebbs committed the offense of DUI on April 19, 2014.

Wichita police officer Dominic Artis testified first at the hearing. On April 19, 2014, Artis was on patrol and noticed that a vehicle, being driven by Krebbs, crossed the center line causing 3/4 of the vehicle to be in the path of oncoming traffic. Artis initiated a traffic stop, and when he approached the vehicle he noticed that Krebbs' head was slumped down and he had bloodshot, watery, and glazed eyes. Artis asked Krebbs to exit the vehicle. Krebbs appeared to be heavily intoxicated, and Artis had to hold him up so he would not fall down. Artis asked Krebbs if he had used any drugs or alcohol, and Krebbs responded that he recently had used hydrocodone and Xanax.

Artis asked Krebbs to perform the walk-and-turn test. According to Artis, Krebbs exhibited eight out of eight possible clues of intoxication during the test. Artis also asked Krebbs to perform the one-leg-stand test. According to Artis, Krebbs exhibited four out of four possible clues of intoxication on the test, which indicated to Artis that he was too intoxicated to drive. Artis transported Krebbs to the Sedgwick County Jail.

At the jail, Artis asked Sedgwick County Sheriff's Deputy Dan Ribble, a drug recognition expert, to assist in the investigation. Ribble testified that Krebbs had droopy eyelids, bloodshot eyes, and spoke with a slurred, thick speech. Krebbs also stumbled and it was difficult for him to walk in a straight line. Ribble asked Krebbs if he was taking any narcotics and Krebbs said he had been prescribed Xanax, hydrocodone, and a muscle relaxer. Ribble also had Krebbs perform field sobriety tests, and Ribble scored the clues differently than Artis had scored them. According to Ribble, Krebbs exhibited four out of eight possible clues of intoxication on the walk-and-turn test and he exhibited three out of four possible clues of intoxication on the one-leg-stand test.

Ribble also asked Krebbs to perform the Rhomburg Balance Test. Krebbs was supposed to close his eyes, tilt his head back slightly, and then open his eyes after be believed 30 seconds had passed. Krebbs opened his eyes after 24 seconds; however, he told Ribble he believed 35 seconds had passed. Because the difference in the amount of time Krebbs thought had passed and the amount of time that had actually passed was more than 5 seconds, the test indicated to Ribble that Krebbs' perception of time was impaired. Ribble also asked Krebbs to perform the finger-to-nose test, and Krebbs missed his nose on four out of six attempts. Finally, Ribble checked Krebbs' vital signs and found that his pulse was higher than normal, his blood pressure was lower than normal, and his muscle tone was flaccid. Based on all of the tests, Ribble opined that Krebbs was under the influence of drugs to a degree that rendered him incapable of safely driving.

Krebbs also testified at the hearing. The gist of Krebbs' testimony was that he had been administered prescription medication at his community corrections residential facility on the day he was stopped by Artis and the facility would not have administered the medication and allowed him to drive unless it was safe for him to do so.

After hearing the evidence, the district court found that the State had proven by a preponderance of the evidence that Krebbs committed the offense of DUI on April 19,

2014. The district court also found that Krebbs' prescription for the medication distributed by the residential facility did not provide Krebbs a defense to driving under the influence. As a result, the district court revoked Krebbs' probation and ordered him to serve his underlying sentence. Krebbs timely appealed the district court's order.

On appeal, Krebbs first argues that there was insufficient evidence to establish he violated the conditions of his probation by committing the offense of DUI on April 19, 2014. Specifically, Krebbs argues that there was no evidence that he drove into oncoming traffic, Ribble and Artis provided different standards by which to judge the field sobriety tests, and the residential facility provided him with the medication and checked him out to drive. The State responds by asserting that there was sufficient evidence to establish Krebbs violated the conditions of his probation.

Before a district court may revoke a defendant's probation, the violation of a condition of probation must be proved by a preponderance of the evidence. *State v. Gumfory*, 281 Kan. 1168, 1170, 135 P.3d 1191 (2006). "'A preponderance of the evidence is established when the evidence demonstrates a fact is more probably true than not true.'" *State v. Roose*, 41 Kan. App. 2d 435, 441, 203 P.3d 18 (2009). The State has the burden to prove in district court that a violation of a condition of probation has occurred. K.S.A. 2015 Supp. 22-3716(b)(2). On appeal, we review the record to determine if the district court's findings are supported by substantial competent evidence. Substantial evidence refers to legal and relevant evidence that a reasonable person could accept as being adequate to support a conclusion. *State v. May*, 293 Kan. 858, 862, 269 P.3d 1260 (2012).

K.S.A. 2015 Supp. 8-1567(a)(4) provides: "Driving under the influence is operating or attempting to operate any vehicle within this state while: . . . (4) under the influence of any drug or combination of drugs to a degree that renders the person incapable of safely driving a vehicle." Krebbs first argues that there was no indication that he drove into oncoming traffic and, other than crossing the center line, there was no

4

evidence that he was not safely operating his car. But this argument fails because K.S.A. 2015 Supp. 8-1567(a)(4) only requires that Krebbs be under the influence to a degree that rendered him incapable of safely driving a vehicle, not that he actually drove a vehicle unsafely. The evidence may be sufficient to convict a defendant of DUI even when there is no showing that the defendant drove a vehicle in an erratic manner. *State v. Duncan*, 44 Kan. App. 2d 1029, 1034, 242 P.3d 1271 (2010).

Next, Krebbs argues that the officers' differing standards for evaluating his performance on the field sobriety tests rendered the tests meaningless. While Krebbs is correct that Ribble and Artis differed on how they scored the clues on the field sobriety tests, these discrepancies do not remove the evidentiary value of the tests. Ribble and Artis both testified that Krebbs exhibited a sufficient number of clues on the walk-and-turn test and the one-leg-stand test to indicate that he was too intoxicated to drive. Thus, Krebbs' performance on the field sobriety tests was relevant to establish by a preponderance of the evidence that he committed the offense of DUI.

Krebbs also argues that the community corrections residential facility provided his medications and released him to drive and the facility would not have done so if Krebbs was too impaired to safely drive a vehicle. However, K.S.A. 2015 Supp. 8-1567(d) states: "If a person is charged with a violation of this section involving drugs, the fact that the person is or has been entitled to use the drug under the laws of this state shall not constitute a defense against the charge." The fact that Krebbs had a prescription for his medication and that it was distributed to him by the residential facility does not negate the evidence that he drove a vehicle while he was incapable of safely doing so. Thus, the evidence was sufficient for the district court to find that Krebbs violated the conditions of his probation by committing the offense of DUI.

In his next issue, Krebbs argues that the district court abused its discretion by revoking his probation and ordering him to serve his underlying sentence. Krebbs argues

that he had successfully completed 3 months of the residential facility program and the district court failed to take into consideration the fact that the residential facility had administered the drugs to him on the day he was stopped for the DUI. The State responds that the district court did not abuse its discretion by revoking Krebbs' probation.

Probation from service of a sentence is an act of grace by the sentencing judge and, unless otherwise required by law, is granted as a privilege and not as a matter of right. *State v. Gary*, 282 Kan. 232, 237, 144 P.3d 634 (2006). Once the State has proven a violation of the conditions of probation, probation revocation is within the sound discretion of the district court. *State v. Graham*, 272 Kan. 2, 4, 30 P.3d 310 (2001). A judicial action constitutes an abuse of discretion if the action (1) is arbitrary, fanciful, or unreasonable; (2) is based on an error of law; or (3) is based on an error of fact. *State v. Ward*, 292 Kan. 541, 550, 256 P.3d 801 (2011), *cert. denied* 132 S. Ct. 1594 (2012). The party asserting the district court abused its discretion bears the burden of showing such abuse of discretion. *State v. Stafford*, 296 Kan. 25, 45, 290 P.3d 562 (2012).

Here, Krebbs violated the conditions of his probation four separate times in slightly more than 2 years. Because Krebbs committed a new offense while on probation, the district court was not required to consider any further intermediate sanctions before revoking Krebbs' probation. See K.S.A. 2015 Supp. 22-3716(c)(8). Based on the record, the district court's decision to revoke Krebbs' probation was not arbitrary, fanciful, or unreasonable, and the decision was not based on an error of law or fact. See *Ward*, 292 Kan. at 550. Thus, we conclude the district court did not abuse its discretion by revoking Krebbs' probation and ordering him to serve his underlying prison sentence.

Affirmed.