NOT DESIGNATED FOR PUBLICATION

No. 114,264

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

STATE OF KANSAS,
*Appellee*,

v.

ANGEL RODRIGUEZ,
*Appellant*.

MEMORANDUM OPINION

Appeal from Seward District Court; CLINT B. PETERSON, judge. Opinion filed July 22, 2016. Sentence vacated and case remanded with directions.

*Adam D. Stolte* and *Patrick H. Dunn*, of Kansas Appellate Defender Office, for appellant.

*Russell W. Hasenbank*, county attorney, and *Derek Schmidt*, attorney general, for appellee.

Before POWELL, P.J., PIERRON and ATCHESON, JJ.

POWELL, J.:  Angel Rodriguez appeals the district court's denial of his pro se motion to correct an illegal sentence filed nearly 5 years after he was sentenced, arguing that the district court engaged in improper factfinding to score his Nevada burglary conviction as a person felony, which violated his rights under the Sixth Amendment to the United States Constitution as articulated in *Apprendi v. New Jersey*, 530 U.S. 466, 120 S. Ct. 2348, 147 L. Ed. 2d 435 (2000), and *Descamps v. United States*, 570 U.S. ___, 133 S. Ct. 2276, 186 L. Ed. 2d 438 (2013). Because we find that although the Nevada burglary statute is divisible, none of the elements match the dwelling requirement of

1

Kansas' person felony burglary statute, requiring us to vacate Rodriguez' sentence and remand for resentencing.

FACTUAL AND PROCEDURAL BACKGROUND

Rodriguez entered a plea pursuant to *North Carolina v. Alford*, 400 U.S. 25, 91 S. Ct. 160, 27 L. Ed. 2d 162 (1970), to one count of sexual exploitation of a child committed on March 26, 2006. Rodriguez' presentence investigation report (PSI) indicated three prior person felonies, all out-of-state convictions, including a 1997 Nevada burglary conviction. At his sentencing on November 9, 2009, Rodriguez objected to his criminal history score, contending that a New Jersey sexual assault conviction was improperly scored as a felony. The district court overruled Rodriquez' objection, scored Rodriquez' criminal history as A, then sentenced Rodriguez to 130 months' imprisonment with 24 months' postrelease supervision. Rodriguez never filed a direct appeal of his conviction and sentence.

Nearly 5 years later, on October 10, 2014, Rodriguez filed a pro se motion to correct an illegal sentence, arguing that under *State v. Murdock*, 299 Kan. 312, 323 P.3d 846 (2014), *overruled by State v. Keel*, 302 Kan. 560, 357 P.3d 251 (2015), *cert. denied* 136 S. Ct. 865 (2016), the classification of his 1997 Nevada burglary as a person felony was an error, making his sentence illegal. The district court denied Rodriguez' motion, stating that because *Murdock* did not apply retroactively, Rodriguez was not entitled to relief.

Rodriguez timely appeals.

2

## IS RODRIGUEZ' SENTENCE ILLEGAL?

On appeal, Rodriguez drops his challenge to his sentence based upon *Murdock*, 299 Kan. 312, presumably because *Murdock* has been overruled by *Keel*, 302 Kan. 560. Instead, Rodriguez contends for the first time on appeal that the district court erred when it classified his 1997 Nevada burglary conviction as a person offense by implicitly engaging in impermissible judicial factfinding when it determined that the Nevada burglary conviction should be treated as the equivalent of burglary of a dwelling, a person felony under the Kansas Sentencing Guidelines Act (KSGA), K.S.A. 21-4701 *et seq.*, in effect at the time Rodriguez committed his current crime. Rodriguez contends that such factfinding by the judge rather than a jury increased the penalty for his primary offense, violating his rights under the Sixth and Fourteenth Amendments to the United States Constitution as articulated by *Apprendi*, 530 U.S. 466, and *Descamps*, 133 S. Ct. 2276. As answering this question concerns the legality of Rodriguez' sentence and whether a prior conviction should be classified as a person or nonperson offense, it is one of law over which we have unlimited review. See *Keel*, 302 Kan. 560, Syl. ¶ 4.

Even though Rodriguez raises this argument for the first time on appeal, K.S.A. 22-3504(1) provides that "[t]he court may correct an illegal sentence at any time." As the State has not raised any procedural bars or contested the applicability of *Apprendi* and *Descamps*, we will proceed to consider his claim on the merits.

> "'[A]n "illegal sentence" under K.S.A. 22-3504 [is]: (1) a sentence imposed by a court without jurisdiction; (2) a sentence that does not conform to the applicable statutory provision, either in character or the term of authorized punishment; or (3) a sentence that is ambiguous with respect to the time and manner in which it is to be served. [Citations omitted.]'" *State v. Moncla*, 301 Kan. 549, 551, 343 P.3d 1161 (2015).

Our analysis begins with the KSGA, which provides that criminal sentences are essentially based on two controlling factors:  the criminal history of the defendant and the

severity level of the crime committed, with person crimes having a greater impact. See K.S.A. 21-4704(c); *State v. Vandervort*, 276 Kan. 164, 178, 72 P.3d 925 (2003), *overruled in part on other grounds by State v. Dickey*, 301 Kan. 1018, 350 P.3d 1054 (2015). A defendant's criminal history score is calculated by tabulating the offender's prior convictions to generate a criminal history score, with A being the highest and I being the lowest. See K.S.A. 21-4703(d); K.S.A. 21-4704(a); K.S.A. 21-4705(a). Prior convictions or adjudications are classified as either misdemeanors or felonies, person or nonperson, with some exceptions. See K.S.A. 21-4710; K.S.A. 21-411. The more extensive the defendant's criminal history and/or the greater the severity level of the crime, the lengthier the guideline sentence. See K.S.A. 21-4704(a); K.S.A. 21-4705(a).

In determining a defendant's criminal history, the KSGA requires the scoring of out-of-state prior convictions:

"Out-of-state convictions and juvenile adjudications will be used in classifying the offender's criminal history. An out-of-state crime will be classified as either a felony or a misdemeanor according to the convicting jurisdiction. If a crime is a felony in another state, it will be counted as a felony in Kansas. The state of Kansas shall classify the crime as person or nonperson. In designating a crime as person or nonperson comparable offenses shall be referred to. If the state of Kansas does not have a comparable offense, the out-of-state conviction shall be classified as a nonperson crime. Convictions or adjudications occurring within the federal system, other state systems, the District of Columbia, foreign, tribal or military courts are considered out-of-state convictions or adjudications. The facts required to classify out-of-state adult convictions and juvenile adjudications must be established by the state by a preponderance of the evidence." K.S.A. 21-4711(e).

Rodriquez does not challenge, and Nevada law clearly provides, that his 1997 Nevada burglary conviction is a felony. Nev. Rev. Stat. § 205.060(2) (1997). Our next task, then, is to determine whether his Nevada felony burglary conviction should be classified as a person or nonperson crime. This is done by referring to the comparable

4

Kansas offenses in effect at the time the current crime of conviction was committed. *Keel*, 302 Kan. 560, Syl. ¶ 9. It is well established that in evaluating what offenses are comparable under the KSGA, "[t]he essential question is whether the offenses are similar in nature and cover similar conduct." *State v. Martinez*, 50 Kan. App. 2d 1244, 1249, 338 P.3d 1236 (2014). We look for the Kansas offense that is the "closest approximation" or most "'comparable.'" *Vandervort*, 276 Kan. at 179. In making this comparison, the elements of each out-of-state crime do not need to be identical to the elements of a Kansas crime for them to be comparable. 276 Kan. at 179. Offenses may be comparable "even when the out-of-state statute encompassed some acts not necessarily encompassed by the Kansas statute." *State v. Riolo*, 50 Kan. App. 2d 351, 356-57, 330 P.3d 1120 (2014), *rev. denied* 302 Kan. ___ (June 30, 2015).

K.S.A. 21-3715, the burglary statute in effect at the time Rodriguez committed his current crime of sexual exploitation of a child, states:

"Burglary is knowingly and without authority entering into or remaining within any:

"(a) Building, manufactured home, mobile home, tent or other structure which is a dwelling, with intent to commit a felony, theft or sexual battery therein;

"(b) building, manufactured home, mobile home, tent or other structure which is not a dwelling, with intent to commit a felony, theft or sexual battery therein; or

"(c) motor vehicle, aircraft, watercraft, railroad car or other means of conveyance of persons or property, with intent to commit a felony, theft or sexual battery therein.

"Burglary as described in subsection (a) is a severity level 7, person felony. Burglary as described in subsection (b) is a severity level 7, nonperson felony. Burglary as described in subsection (c) is a severity level 9, nonperson felony."

K.S.A. 21-3110(7) defines a dwelling as "a building or portion thereof, a tent, a vehicle or other enclosed space which is used or intended for use as a human habitation, home or residence."

Rodriguez was convicted of burglary under Nev. Rev. Stat. § 205.060(1) (1997), which defines burglary:

> "A person who, by day or night, enters any house, room, apartment, tenement, shop, warehouse, store, mill, barn, stable, outhouse or other building, tent, vessel, vehicle, vehicle trailer, semitrailer or house trailer, airplane, glider, boat or railroad car, with the intent to commit grand or petit larceny, assault or battery on any person or any felony, is guilty of burglary."

When examining both the Kansas and Nevada burglary statutes, we have no trouble concluding as a matter of law that they are broadly comparable. The rub is whether the Nevada burglary statute under which Rodriguez was convicted is comparable to Kansas' person burglary statute. See K.S.A. 21-4711(d) (prior burglary convictions must be classified as either person or nonperson). "[T]he distinction between person and nonperson burglaries under K.S.A. [21-4711(d)] hinges on whether the offender burglarized a dwelling." *State v. Cordell*, 302 Kan. 531, 534, 354 P.3d 1202 (2015).

Rodriguez specifically argues that under *Apprendi* and *Descamps* the district court erred in classifying his Nevada burglary conviction as a person felony because such classification required the district court to make the factual finding that the burglary had been committed in a dwelling without requiring the State to prove such a fact to a jury beyond a reasonable doubt.

> "Under *Apprendi*, '[o]ther than the fact of a prior conviction, any fact that increases the penalty for a crime beyond the prescribed statutory maximum must be submitted to a jury, and proved beyond a reasonable doubt.' 530 U.S. at 490. The policy rationale behind *Apprendi* is that a court violates the United States Constitution if it invades the jury's territory by finding facts at sentencing. See *Shepard v. United States*, 544 U.S. 13, 25, 125 S. Ct. 1254, 161 L. Ed. 2d 205 (2005) (plurality opinion) ('[T]he Sixth and Fourteenth Amendments guarantee a jury standing between a defendant and the power of the State, and they guarantee a jury's finding of any disputed fact essential to

6

increase the ceiling of a potential sentence.'). A narrow exception exists for judicial factfinding regarding the existence of a prior conviction because of the procedural safeguards which attach to such a fact. *Apprendi*, 530 U.S. at 488. As a result, in the typical case under our sentencing guidelines, tabulating a defendant's prior convictions to determine the criminal history score, which usually has the effect of increasing a defendant's sentence, does not violate a defendant's jury trial rights. See *State v. Ivory*, 273 Kan. 44, 46-48, 41 P.3d 781 (2002)." *Dickey*, 301 Kan. at 1036.

In *Descamps*, 133 S. Ct. 2276, the United States Supreme Court held that a defendant's prior conviction for burglary under California law could not be counted as a predicate offense for burglary under the federal Armed Career Criminal Act (ACCA), which increases the sentences of defendants who have three prior convictions for violent felonies. Unlike the ACCA's "general burglary" definition, the California burglary statute at issue did not require unlawful entry as do most burglary laws; it provided that a "person who enters" certain locations "with intent to commit grand or petit larceny or any felony is guilty of burglary." Cal. Penal Code Ann. § 459 (West 2010). The *Descamps* Court stated that the sentencing court would have had to look at Descamps' prior burglaries in order to determine whether he did break and enter or merely shoplifted in order to count the prior burglaries for ACCA purposes. The Court held that such an inquiry raised Sixth Amendment concerns because it required the sentencing court to invade the jury's factfinding territory. See 133 S. Ct. at 2281-87.

To determine whether a prior conviction qualified as a sentence enhancer under the ACCA, the *Descamps* Court held that a sentencing court must use one of two approaches—the categorical approach or the modified categorical approach. 133 S. Ct. at 2281-84, 2287; see also *Dickey*, 301 Kan. at 1036-39 (detailed discussion of categorical versus modified categorical approaches). Under the categorical approach, the sentencing court is to simply "compare the elements of the statute forming the basis of the defendant's conviction with the elements of the 'generic' crime." 133 S. Ct. at 2281. If the elements of the prior conviction are the same as or narrower than the elements of the

7

corresponding crime under the ACCA, then the prior conviction may be counted as a predicate offense for sentence enhancement purposes under the ACCA. 133 S. Ct. at 2281, 2283.

The modified categorical approach applies when the statute defining the elements of the prior offense in state law is broader than the corresponding generic offense as defined in the ACCA. *Descamps*, 133 S. Ct. at 2281, 2283-84. However, this approach may only be utilized when the prior conviction involves a "divisible statute," meaning a statute which comprises multiple, alternative versions of the crime, at least one of which matches the elements of the generic offense. 133 S. Ct. at 2281-82, 2284-85. In such an instance, the sentencing court is permitted to look beyond the elements in the statutes and examine limited extra-statutory materials to determine "which of a [prior] statute's alternative elements formed the basis of the defendant's prior conviction." *Descamps*, 133 S. Ct. at 2284. Such extra-statutory materials include charging documents, plea agreements, jury instructions, verdict forms, and transcripts from plea colloquies as well as findings of fact and conclusions of law from a bench trial. *Johnson v. United States*, 559 U.S. 133, 144, 130 S. Ct. 1265, 176 L. Ed. 2d 1 (2010).

In *Dickey*, 301 Kan. at 1039, our Supreme Court explicitly adopted the *Descamps* categorical/modified categorical approach in "determining whether a prior burglary conviction should be classified as a person or nonperson felony under the KSGA." The court ultimately held that although the pre-KSGA Kansas burglary statute under which Dickey had previously been convicted was divisible, as it had "multiple, alternative versions of the crime, none included an element requiring that the structure burglarized be a dwelling." 301 Kan. at 1039. Therefore, it was constitutionally impermissible to classify Dickey's prior burglary adjudication as a person crime because to do so would have required judicial factfinding beyond merely identifying the statutory elements. 301 Kan. at 1039-40.

8

The elements of the Nevada burglary statute are: (1) a person who, (2) by day or night, enters any house, room, apartment, tenement, shop, warehouse, store, mill, barn, stable, outhouse or other building, tent, vessel, vehicle, vehicle trailer, semitrailer or house trailer, airplane, glider, boat or railroad car, (3) with the intent to commit grand or petit larceny, assault or battery on any person or any felony. Nev. Rev. Stat. § 205.060(1) (1997). The key element in our inquiry is "any house, room, apartment, tenement, shop, warehouse, store, mill, barn, stable, outhouse or other building, tent, vessel, vehicle, vehicle trailer, semitrailer or house trailer, airplane, glider, boat or railroad car."

Relying on *State v. Roose*, 41 Kan. App. 2d 435, 203 P.3d 18 (2009), Rodriguez argues that none of the alternative elements listed in the Nevada burglary statute necessarily constitute a dwelling, meaning the burglary conviction cannot be counted as a person felony. The State argues, however, that "every burglary in Nevada is reviewed as being a burglary of a dwelling." In support of this contention, the State cites the sentencing provision of Nev. Rev. Stat. § 205.060(2) (1997):

> "[A] person convicted of burglary is guilty of a category B felony and shall be punished by imprisonment in the state prison for a minimum term of not less than 1 year and a maximum term of not more than 10 years, and may be further punished by a fine of not more than $10,000. A person who is convicted of burglary and who has previously been convicted of burglary or another crime involving the forcible entry or invasion of a dwelling must not be released on probation or granted a suspension of his sentence."

We are unpersuaded by the State's argument because the Nevada statute it relies upon is simply a sentencing enhancement provision. Whether a conviction under Nevada's burglary statute mandates a prison term is dependent on whether the defendant had a *prior conviction* "involving the forcible entry or invasion of a dwelling." Nev. Rev. Stat. § 205.060(2) (1997). The provision says nothing about the present conviction.

9

Moreover, we agree with Rodriguez and the *Roose* panel that "simply describing the structure as a 'house' does not indicate whether the structure is a dwelling." *Roose*, 41 Kan. App. 2d at 439. A mere listing of elements such as house, room, apartment, or tenement, standing alone does not necessarily make them dwellings because to determine whether they constitute dwellings would require factual findings that they were "used or intended for use as a human habitation, home or residence." K.S.A. 21-3110(7). Our conclusion is consistent with *Dickey*, 301 Kan. at 1039, where our Supreme Court held that the modified categorical approach, which would allow the district court to examine specified documents to determine whether a prior burglary conviction was committed in a dwelling, was not applicable to the pre-KSGA version of the Kansas burglary statute. Even though the statute was divisible as it contained alternative elements such as "building, manufactured home, mobile home, tent or other structure," none of the elements required that the structure be a dwelling. Accordingly, we hold that Rodriguez' 1997 Nevada burglary conviction cannot be scored as a person felony and, instead, must be scored as a nonperson felony.

Finally, Rodriguez argues in the alternative that his Nevada burglary conviction cannot be classified as a person felony because the intent element in the Nevada statute is broader than the Kansas burglary statute, requiring the district court to make impermissible factual findings. While this issue is moot given our holding that his Nevada burglary conviction cannot be classified as a person felony, we agree with the reasoning set forth by two other panels of our court which held that intent is irrelevant to determine whether an out-of-state burglary conviction should be classified as a person or nonperson crime. See *State v. Moore*, 52 Kan. App. 2d ___, ___ P.3d ___ (No. 113,545, filed June 24, 2016); *State v. Buell*, 52 Kan. App. 2d ___, ___ P.3d ___ (No. 113,881, filed June 24, 2016).

10

Rodriguez' sentence is vacated, and the case is remanded for resentencing with directions that Rodriguez' 1997 Nevada burglary conviction be scored as a nonperson felony.