(Corrected)
NOT DESIGNATED FOR PUBLICATION

No. 114,144
No. 114,145
No. 114,146
No. 114,147
No. 114,148
No. 114,149

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

STATE OF KANSAS,
*Appellee*,

v.

MINDY DAWN BURR,
*Appellant*.

MEMORANDUM OPINION

Appeal from Saline District Court; RENE S. YOUNG, judge. Opinion filed August 5, 2016.
Affirmed.

*Gerald E. Wells*, of Jerry Wells Attorney-at-Law, of Lawrence, for appellant.

*Anna M. Jumpponen*, assistant county attorney, *Ellen Mitchell*, county attorney, and *Derek Schmidt*, attorney general, for appellee.

Before MALONE, C.J., GREEN and GARDNER, JJ.

*Per Curiam*:  The trial court placed Mindy Dawn Burr on probation for her convictions in 09CR690, 09CR727, 09CR814, 10CR1117, 10CR1121, and 11CR894. The trial court revoked her probation and ordered her to serve her underlying sentences

1

on July 3, 2014. Burr appeals, arguing that the trial court erred when it revoked her probation. We affirm.

On October 5, 2009, Mindy Dawn Burr pled guilty in 09CR690 to one count of possession of methamphetamine and one count of possession of stolen property. She also pled guilty in 09CR727 to one count of theft, one count of violation of a protective order, and one count of contributing to the misconduct of a child. In case 09CR814, she pled guilty to one count of possession of marijuana and one count of violation of a protective order.

The trial court sentenced Burr for those convictions on November 23, 2009. In 09CR690, the trial court sentenced Burr to 24 months' imprisonment for her possession of methamphetamine conviction and 12 months' imprisonment for her possession of stolen property conviction. The two sentences were ordered to run concurrently. In 09CR727, the trial court sentenced Burr to 12 months' imprisonment for her theft conviction, 12 months' imprisonment for her violation of a protective order conviction, and 12 months' imprisonment for her conviction of contributing to the misconduct of a child. The sentences in 09CR727 were ordered to run concurrently to each other but were ordered to run consecutively to the sentence in 09CR690. In 09CR814, the trial court sentenced Burr to 12 months' imprisonment for her possession of marijuana conviction and 12 months' imprisonment for her conviction of violation of a protective order. These sentences were ordered to run concurrently to each other but consecutively to the sentences in 09CR690 and 09CR727.

The presumptive sentence for the convictions was imprisonment, but the trial court found substantial and compelling reasons to depart from the presumption because Burr was more amenable to available substance abuse treatment, and the needs and rehabilitation of Burr and the safety of the community would be served by Burr's participation in substance abuse treatment. Therefore, the trial court placed her on probation with community corrections for 30 months.

2

On February 9, 2010, the State moved to revoke Burr's probation in 09CR690, 09CR727, and 09CR814 alleging that Burr had violated the terms of her probation by violating the law and by having contact with Uriel Torres.

On October 7, 2010, the State charged Burr in 10CR1117 with eight counts of forgery and four counts of theft by deception. On the same day, the State charged her in 10CR1121 with one count of sale of methamphetamine, one count of possession with the intent to sell methamphetamine, one count of conspiracy to sell methamphetamine, and one count of possession of methamphetamine.

On October 8, 2010, the State filed an amended motion to revoke Burr's probation. The amended motion alleged that Burr had violated the conditions of her probation by violating the law, by possessing or consuming alcohol or other mood altering chemicals, by failing to report to her intensive supervision officer (ISO) as directed, by not abiding by the curfew set by her ISO, by failing to complete a treatment program, and by failing to work faithfully at suitable employment.

On January 20, 2011, Burr pled guilty in 10CR1117 to two counts of forgery. She also pled guilty in 10CR1121 to one count of possession of methamphetamine. The trial court sentenced Burr in 10CR1117 and 10CR1121 on March 4, 2011. In 10CR1117, the trial court sentenced Burr to 18 months' imprisonment for the first conviction and 8 months' imprisonment for the second conviction. The trial court ordered the two sentences to run concurrently with each other but consecutively to 09CR690, 09CR727, 09CR814, and 10CR1121. Nevertheless, the trial court placed Burr on probation with community corrections for 12 months. The trial court also ordered that Burr pay $3,872.95 in restitution.

In 10CR1121, the trial court sentenced Burr to 30 months' imprisonment for her conviction of possession of methamphetamine. In addition, the trial court found

substantial and compelling reasons to grant Burr a dispositional departure to probation because a treatment facility was available for her and the safety of the public would not be jeopardized by placing her on probation. The trial court granted Burr a 12-month probation term with community corrections and ordered that she pay $125 in restitution.

The trial court also held a probation violation hearing in 09CR690, 09CR727, and 09CR814 on March 4, 2011. Burr stipulated that she had materially violated the terms of her probation. The trial court revoked Burr's probation and reinstated it for another 12-month term with the additional condition that she successfully complete inpatient treatment.

On August 11, 2011, the State charged Burr with two counts of intimidation of a witness or victim and one count of conspiracy to intimidate a witness. On August 16, 2011, the State moved to revoke Burr's probation. The motion alleged that Burr had violated the conditions of her probation by violating the law and by having contact with codefendants from her prior convictions.

On September 4, 2012, Burr pled no contest to one count of intimidation of a witness or victim in 11CR894. The trial court sentenced Burr to 6 months' imprisonment, but it suspended the sentence and granted her a 12-month supervised probation term with community corrections. The trial court ordered the sentence to run consecutively to her sentences in 09CR960, 09CR727, 09CR814, 10CR1117, and 10CR1121.

The trial court also held a probation violation hearing on September 4, 2012. Burr stipulated to materially violating the conditions of her probation. The trial court revoked Burr's probation and reinstated it for another 1-year term with community corrections.

On April 29, 2014, the State moved to revoke Burr's probation in each of her cases. The motion alleged that Burr had violated the conditions of her probation by not

reporting to her ISO as directed, by using drugs, by not submitting to random urinalysis testing as directed, by not complying with curfew, by not maintaining employment, and by not paying court costs, restitution, and fines.

The trial court held a probation revocation hearing on July 3, 2014. Burr did not stipulate to the violations and an evidentiary hearing was held. Cindy Davis, Burr's ISO since December 2009, testified that the conditions of Burr's probation were the same for all of her cases except for the amounts of restitution she owed.

Davis testified that Burr had failed to report on October 15, 2013; September 30, 2013; November 14, 2013; December 19, 2013; December 26, 2013; January 23, 2014; and April 21, 2014. When the motion to revoke probation was filed on April 29, 2014, Burr had not reported since April 15, 2014. A condition of Burr's probation was to refrain from using illegal drugs. Burr had tested positive for methamphetamines three times since the prior probation revocation hearing on September 4, 2012. Burr had also missed nine urinalysis tests since the previous hearing. Although Burr had completed substance abuse treatment on December 1, 2011, Davis had placed her in a substance abuse program at community corrections that met once a week. She, however, only attended a couple of times.

Davis also testified that Burr had an 11 p.m. curfew and had violated curfew 11 times. As a result of missing curfew, Davis moved the curfew to 10 p.m. and conducted more frequent surveillance checks. Burr was also required to gain and maintain employment while on probation. Burr had provided employment verification from only one employer; however, she was let go from that job and was unemployed for a least a year before the filing of the motion to revoke probation. Davis had referred Burr to Job Tech but she was not going regularly and had not provided a reason for why she could not get a job or go to Job Tech.

Burr still owed court costs and restitution in the amount of $1,458 in 09CR690, $148 in 09CR727, and $148 in 09CR814. She had made one $20 payment since September 2012. Ultimately, Davis recommended that Burr serve her sentence because community corrections had no other viable programs for her.

On cross-examination, Davis testified that she had not employed a 120-or 180-day sanction because Burr had not reported for over 30 days and had absconded. Davis did not check on Burr at her residence during this time because law enforcement had told Davis that the residence was involved in drug activities. As a result, Davis did not feel safe going to Burr's residence. Burr told Davis at their last appointment that she was going to get a job at La Casita, but Davis never received verified information of this employment.

Davis testified that she had sanctioned Burr for some of her violations internally. Specifically, every curfew violation, except for two in April, was addressed verbally. She had also internally sanctioned or addressed with Burr the missed appointments from October 2013 to January 2014. The three positive urinalysis tests were addressed with a jail sanction. Every missed drug test had been addressed as well except for two in April.

Burr never disclosed that she had transportation difficulties. Burr did mention that she had to pay child support, which limited her from paying costs and restitution in her cases. Finally, Davis testified that Burr also had a pending probation violation in McPherson County but no new convictions.

Burr did not testify or present any evidence at the hearing.

After hearing the evidence, the trial court found that Burr had materially violated the terms of her probation as alleged in the motion to revoke. The trial court revoked Burr's probation and ordered her to serve the underlying sentence in each of her six cases.

6

Burr filed a timely notice of appeal in each of her six cases. This court consolidated the six cases on appeal.

*Did the Trial Court Err in Revoking Burr's Probation?*

The only issue Burr raises on appeal is that the trial court erred when it revoked her probation. Specifically, Burr argues that there was insufficient evidence to support the revocation of her probation because Davis was unaware of Burr's employment at La Casita and because most of Burr's violations had been handled internally. The State, however, argues that there was sufficient evidence to support the revocation of Burr's probation. Moreover, the State contends that her argument is merely a request for this court to evaluate the credibility of Davis, which is not an appropriate function of an appellate court.

Before a trial court may revoke a defendant's probation, a violation of a condition of probation must be proved by a preponderance of the evidence. *State v. Gumfory*, 281 Kan. 1168, 1170, 135 P.3d 1191 (2006). "'A preponderance of the evidence is established when the evidence demonstrates a fact is more probably true than not true.'" *State v. Roose*, 41 Kan. App. 2d 435, 441, 203 P.3d 18 (2009). The State has the burden to prove a defendant has violated a condition of his or her probation. K.S.A. 2015 Supp. 22-3716(b)(2).

Davis' testimony provided sufficient evidence for the trial court to find by a preponderance of the evidence that Burr had violated the conditions of her probation. Burr's arguments do not refute the evidence that she had violated the terms of her probation. While Burr had mentioned to Davis that she might be getting a job at La Casita, she had not provided Davis with verification of this employment. As a result, Burr was still in violation of her probation because she had not provided verification of employment.

7

The fact that many of Burr's probation violations had been sanctioned or addressed internally does not show that there was insufficient evidence that Burr had violated the conditions of her probation. Even if the violations that were internally addressed were removed from consideration, there was still evidence that Burr had violated the conditions of her probation by missing urinalysis tests in April, missing appointments in April, not obtaining employment, and not making payments toward court costs and restitution.

Burr seems to question the credibility of Davis by arguing that Davis' answers to cross-examination questions were so equivocal that this court should question whether the State proved that Burr had violated the conditions of her probation by a preponderance of the evidence. Nevertheless, when this court is reviewing a sufficiency of the evidence challenge, it does not reweigh the evidence or pass on the credibility of the witnesses. *State v. Williams*, 299 Kan. 509, 525, 324 P.3d 1078 (2014). For this reason, Burr's arguments fail.

Finally, Burr does not argue that the trial court's decision to order her to serve her underlying sentences was an abuse of discretion. An issue not briefed by the appellant is deemed waived and abandoned. *State v. Boleyn*, 297 Kan. 610, 633, 303 P.3d 680 (2013).

Affirmed.